426 A.2d 149

**Robert HEMENWAY**

**v.**

**Sylvia HEMENWAY, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1980.

Filed Feb. 27, 1981.

---

Lenore M. Urbano, Williamsport, for appellant.

Mark M. Wilcox, Philadelphia, for appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

CAVANAUGH, Judge:

█ The question before us is whether, absent a finding of dependency and full compliance with the Juvenile Act procedures, the lower court may properly award custody subject to the supervision of the County Children's Services. We hold that it may not.

The parties to this action, Robert and Sylvia Hemenway, were married to each other twice. Both marriages ended in divorce. During their first marriage Cammy was born and Robert, Jr. was born during their second marriage. This present action was commenced by a complaint for divorce and custody of both children filed by Robert Hemenway. Sylvia Hemenway filed an answer and counterclaim in divorce also requesting custody of both children. After hearings the lower court awarded custody of Cammy to her father and entered the following order as to the custody of Robert, Jr.: "The custody of Robert Hemenway, Jr., is awarded to the mother subject to supervision by the Chil-

dren's Services of Tioga County." Children's Services was not a party to this action. Mrs. Hemenway appeals from this order arguing that the lower court had no power to condition custody on agency supervision where an adjudication of dependency had not been made.

Mr. Hemenway does not challenge the award of custody, nor does Mrs. Hemenway appeal from the order of the Court insofar as it awards custody of Cammy to Mr. Hemenway. Therefore, we will only address the adjudication as to Robert, Jr.

The precise question raised by appellant was answered by this court in the recent decision of *In re Frank,* 283 Pa.Super. 229, 423 A.2d 1229 (1980), which is controlling here. In that case the mother petitioned the court for an order confirming her custody of two of her five children. The children's father did not oppose the petition. Following a hearing the court awarded custody to the mother subject to temporary supervision by Children's Services. However, the action had not been brought under the Juvenile Act, 42 Pa.C.S.A. §§ 6301 et seq. The procedures required by the Act were not followed nor were the children shown to be dependent. Thus we held that absent compliance with the Juvenile Act, the lower court was not empowered to order a disposition providing for the children's supervision. We stated:

> The issue before us is . . . very narrow. It is this: When may the court, as a condition of a decree granting custody require the parent to submit to the intervention of an *agency of the State*? And to this question, the Legislature has given a plain answer: The court may require submission to the intervention but if, and only if, the requirements of the Juvenile Act are satisfied. *And see Ellerbe v. Hooks,* [490 Pa. 363, 416 A.2d 512 (1980)]; *In re Hernandez,* [249 Pa.Super. 274, 376 A.2d 648 (1977)]; *In the Interest of LaRue,* [244 Pa.Super. 218, 366 A.2d 1271 (1976)].

283 Pa.Super. at 247 Pa.Super., 423 A.2d at 1239 (emphasis in original).

As we noted in *Frank* the Juvenile Act sets forth the process which is to be followed and the standard of proof which is required before an adjudication of dependency may be made. A dependent child is one who has been shown by clear and convincing evidence to be "without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental or emotional health, or morals." 42 Pa.C.S.A. § 6302. Proceedings under the Juvenile Act are initiated by the filing of a petition which in the case of dependency must set forth the facts which bring the child within the definition of "dependent". 42 Pa.C.S.A. § 6334. The parents or custodian and any necessary parties are then issued a summons, accompanied by the petition requiring them to attend a hearing. 42 Pa.C.S.A. § 6335(a). At the hearing all parties, including the child, have a right to counsel [1] and the right to introduce evidence and cross-examine witnesses. 42 Pa.C.S.A. § 6338. Finally, no disposition may be made by the court unless the child is found to be "dependent" by clear and convincing evidence. *In Re Jackson*, 267 Pa.Super. 428, 406 A.2d 1116 (1979); *In the Interest of LaRue*, 244 Pa.Super. 218, 366 A.2d 1271 (1976).

■ In the instant case, as in *Frank*, none of these requirements were satisfied. The opinion of the lower court speaks only in terms of the child's best interest. We hold, therefore, that the lower court was not entitled to award custody of Robert, Jr. to the appellant subject to supervision.

Because we hold that supervision is not appropriate on this record, we must remand for a determination by the lower court as to whether, absent such supervision, Robert, Jr.'s best interests will be served by remaining with his mother. However, we note that even if supervision had not been ordered, the record does not contain sufficient evidence as to Robert, Jr. from which the court could conclude how the child's best interests would be served. In its opinion the Court stated:

1. The child's right to counsel may be waived by the parent, custodian or guardian unless their interests conflict with that of the child. 42 Pa.C.S.A. § 6337.

The court is aware of the fact that neither Robert nor Sylvia can be cast in the role of "model" parent. We believe that Sylvia has failed to meet her burden of proof with respect to custody of Cammy. We also believe that the record is insufficient with respect to Robert, Jr. and that Robert, Sr., has failed to establish that it is in the best interests of the child, Robert, that his custody be changed. On the basis of the entire record, it appears clear that there is no compelling reason at this time to change the custody of either child and that in this situation, it is not advantageous to place both Cammy and Robert in the same home.

Throughout the opinion only brief reference was made to Robert, Jr. The court stated that the child had been with the mother since 1977 and that there did not appear to be any reason to remove him. The court also noted that the length of time that Robert, Jr. had been residing with his mother or Cammy with her father was not a controlling factor. In its opinion the court failed to address exactly what factors were controlling. The mother's fitness was not addressed nor did the court comment on testimony adduced at trial as to the mother's care of her children. The court itself admitted that as concerns Robert Jr., the record is not complete. Therefore, we must remand so that the lower court can determine what disposition would be in Robert Jr.'s best interests.

In remanding this case for further proceedings we acknowledge the function of both the lower court and this court in custody proceedings:

In order to ensure that the best interests of the child will be served, the appellate court will engage in a comprehensive review of the record. *Scarlett v. Scarlett*, 257 Pa.Super. 468, 390 A.2d 1331 (1978); *In re Custody of Myers*, 242 Pa.Super. 225, 363 A.2d 1242 (1976). Thus, while it will defer to the lower court's findings of fact, the appellate court will not be bound by the deductions or the inferences made by the lower court from those facts, but will make an independent judgment based upon its own

careful review of the evidence. *Sipe v. Shaffer, supra; Scarlett v. Scarlett, supra.* In conducting this review, the appellate court will look to whether all the pertinent facts and circumstances of the contesting parties have been fully explored and developed. *See Sipe v. Shaffer, supra.* [263 Pa.Super. 27, 396 A.2d 1359 (1979). *Gunter v. Gunter,* 240 Pa.Super. 382, 361 A.2d 307 (1976). It is the responsibility of the lower court to make a penetrating, and comprehensive inquiry, and if necessary, to develop the record itself. *See Commonwealth ex rel. Cox v. Cox,* 255 Pa.Super. 508, 388 A.2d 1082 (1978). After fulfilling this responsibility to ensure a complete record, the court must file a comprehensive opinion containing its findings and conclusions. *See Valentino v. Valentino,* 259 Pa.Super. 395, 393 A.2d 885 (1978); *Gunter v. Gunter, supra.* Only with the benefit of a full record and full opinion can the appellate court hope to fulfill its responsibility of conducting its own careful review. *Valentino v. Valentino, supra.* Where the record is incomplete or the opinion of the lower court is inadequate, the case will be remanded. *See Valentino v. Valentino, supra; Commonwealth ex rel. Forrester v. Forrester,* 258 Pa.Super. 397, 392 A.2d 852 (1978); *Commonwealth ex rel. Cox v. Cox, supra.*

*Lewis v. Lewis,* 267 Pa.Super. 235 at 240–41, 406 A.2d 781 at 783–84.

Order granting custody of Robert, Jr. to appellant subject to supervision of Tioga County Children's Services is reversed and case remanded for proceedings consistent with this opinion.

PRICE, J., files a concurring and dissenting statement.

PRICE, Judge, concurring and dissenting:

I agree with the majority that on the basis of the record before us we cannot properly discharge our obligations for review concerning the best interests of Robert, Jr. Indeed, although apparently not challenged, I would extend this conclusion also to the award of custody concerning Cammy. However, I concur in the reversal and remand.

I dissent, however, concerning the prohibition against supervision of the Children's Services of Tioga County. I rely upon my dissenting opinion in *In re Frank*, 283 Pa.Super. 229, 423 A.2d 1229 (1979).