433 A.2d 94

**Penny J. NEMETH,**

v.

**Douglas NEMETH, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1981.

Filed July 31, 1981.

Claude V. Falkenhan, Zelienople, for appellant.

Lester Becker, Butler, did not file a brief on behalf of appellee.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

PER CURIAM:

This matter concerns the custody of the two minor children of the marriage of appellant Douglas Nemeth and appellee Penny Jo Nemeth. The children and their ages at the date of the hearing below are Jason, age 5, and Christine, age 2. We remand for further hearing.

The custody hearing in this matter took place on March 4 and 5, 1980. The hearing was scheduled as the result of an order of this court entered February 29, 1980, which released appellant from incarceration upon the posting of a bond and directed that the lower court conduct a hearing on Mr. Nemeth's petition to confirm custody. The Superior Court order directed that Nemeth's petition be treated as a petition to change custody due to a change in circumstances relating to the welfare of the children. The hearing and order of the Superior Court came about following a petition by Mr. Nemeth for relief from an order of the Butler County Court on February 26, which had (1) denied his petition to confirm custody without hearing and (2) granted a petition for a writ of habeas corpus which had been sought by counsel on behalf of Mrs. Nemeth. In granting the habeas corpus petition the court ordered that Mr. Nemeth be put in custody in the Butler County Prison until such time as Jason and Christine were returned to their mother.

All of this took place following Mr. Nemeth's decision not to return the children to Mrs. Nemeth at the end of a scheduled visit with the children on February 24. The aforementioned petition to confirm custody and request for a writ of habeas corpus were presented in court by opposing counsel the following morning. Mrs. Nemeth had prior

custody of the children following a "Property Settlement, Support and Custody Agreement" which the parties had made in November, 1979. The lower court had adopted the agreement as a court order upon the motion of Mrs. Nemeth's counsel. Following the hearing conducted pursuant to the order of this court the lower court entered an order continuing principal custody of the children with Mrs. Nemeth and providing for visitation by Mr. Nemeth; it further provided that "Protective supervision shall be furnished by the Children and Youth Agency of Butler County" and directed that the agency prepare a report in contemplation of a further hearing. In its disposition the court noted that there had been no change of circumstances since the court order entered upon the parties' agreement of November 1979. The trial court later issued an opinion.

We note the passage of time since the lower court's disposition and conclude that this case should be promptly remanded to provide an opportunity for further hearing. In remanding we make the following observations with respect to the future handling of this case: (1) We do not believe that the hearing appealed from and any supplemental hearing conducted upon remand should be considered as a "change of circumstances" hearing so as to put the burden on either party to demonstrate a change in circumstances from the initial order. The agreement between the parties dealt only summarily with the question of custody and was entered by the court simply as an order without any hearing. And, while the earlier order of this court did direct that the petition be heard as a petition to change custody, this court at that time was dealing with a motion upon the denial of the lower court to grant any hearing and the placement of appellant in custody and did not have the entire matter before it. Upon review of the full history of this case we think that the matter should be treated as one where each party bears the burden of proving that an award to that party would be in the best interests of the child. *In re: Custody of Hernandez*, 249 Pa.Super. 274, 376 A.2d 648 (1977). *See also Commonwealth ex rel. Veihdeffer v. Veihdeffer*, 235 Pa.Super. 447, 344 A.2d 613 (1975); *Common-*

*wealth ex rel. Viola v. Viola,* 27 Chest.Co.Reptr. 594 (1979); (2) we have reviewed the notes of testimony of the hearing and recognize that substantial evidence was submitted concerning the facts basic to a full determination of custody in the best interest of the children. We further note that the lower court had contemplated another hearing after supervision by the Children and Youth Agency. The trial court should be satisfied that the record and such additional evidence as is submitted at the next hearing are sufficient to make a full and complete record of all the pertinent facts in order that it may prepare a comprehensive opinion containing its findings and conclusions as required by our cases. *Lewis v. Lewis,* 267 Pa.Super. 235, 406 A.2d 781 (1979); *Gerald G. v. Theresa G.,* 284 Pa.Super. 498, 426 A.2d 157 (1981); *Commonwealth ex rel. C.A.F. v. M.R.F.,* 281 Pa.Super. 258, 422 A.2d 157 (1980); *Commonwealth ex rel. Lettie H. W. v. Paul T. W.,* 281 Pa.Super. 262, 422 A.2d 159 (1980); (3) the transcript of the hearing of March 4 and 5 indicate that at the outset the court advised appellant that it had before it at the time of the hearing both the custody matter and a personal attachment for contempt. The present appeal is from the custody order which followed the hearing and we do not know of any disposition as to the contempt proceedings. Any future proceedings in this custody matter should be heard separate from any other proceedings involving the parties herein; (4) at the hearing the court questioned the parties' son, Jason, but would not permit counsel to ask any questions. The court expressed some hesitancy about hearing Jason's testimony since he was only five at the time of the hearing. Since he will be significantly older at the time of the next hearing it is assumed that he will be called upon to testify again. We call the court's attention to the principle that in determining the best interests of the child, the child's preference does not control. Rather it is a factor to be accorded weight depending upon, inter alia, the child's reasons, maturity and intelligence. *Gerald G. v. Theresa G.,* 284 Pa.Super. 498, 426 A.2d 157, 161 (1981); *Commonwealth ex rel. Husack v. Husack,* 273 Pa.Super. 192, 196, 417 A.2d 233, 235 (1979). Moreover, if the child is

interviewed, counsel must be present and have an opportunity to question the child, and the testimony must be transcribed and made a part of the record. *Gerald G., supra,* 284 Pa.Super. at 508, 426 A.2d at 161; *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa.Super. 229, 235, 237–38, 312 A.2d 58, 63 (1973); *Commonwealth ex rel. Morales v. Morales,* 222 Pa.Super. 373, 375–76, 294 A.2d 782 (1972); *Williams v. Williams,* 223 Pa.Super. 29, 33, 296 A.2d 870 (1972); (5) as previously noted the court in its order provided that protective supervision should be furnished by the Children and Youth Agency of Butler County. In this regard we call the court's attention to the cases of *In re Custody of Frank,* 11 Pa.Super. 229, 423 A.2d 1229 (1980) and *Hemenway v. Hemenway,* 284 Pa.Super. 481, 426 A.2d 149 (1981) which require compliance with the Juvenile Act, 42 Pa.C.S.A. § 6301 et seq. before an order providing for supervision by an agency of the State may be properly entered; and (6) finally, before an appeal is taken from a subsequent court order in this matter it will be necessary to file a new notice of appeal and the case should be assigned a new appeal number.

Remanded.