481 A.2d 1225

**In re Patches KERR 4–11–80, Stanley Allen Kerr, Jr.**

**Appeal of Kathleen A. SHAFFER.**

Superior Court of Pennsylvania.

Argued Feb. 7, 1984.

Filed Sept. 21, 1984.

Wesley T. Long, Greensburg, for appellant.

James L. Liberto, Greensburg, for appellee.

Before BROSKY, OLSZEWSKI and JOHNSON, JJ. '

BROSKY, Judge:

This appeal is from an adjudication of dependency of two children. Appellant, the natural mother of the two minors, contends that the juvenile court was without jurisdiction over this case when it failed to hold the adjudicatory hearing within the statutorily prescribed period.[1] We hold that the consequence of a tardy hearing is the automatic activation of the right of the child and its parents to the immediate release of the child from the state's custody; it is not, as appellant argues, the loss of the court's jurisdiction over the case. Order affirmed.

\*    \*    \*    \*    \*    \*

The relevant procedural history is as follows.

On January 12, 1982 two children, Patches and her brother Stanley Kerr, Jr. were taken into emergency custody by a physician in a hospital emergency room.[2] A 24-hour order was entered that same day and a 72-hour hearing begun the next day and continued until January 19.[3] The adjudicatory hearing was initially scheduled for January 21 but was continued until January 29 because other cases were in progress on the 21st. After the hearing the juvenile court found that both children were dependent. This appeal followed.

Appellant contends that since the adjudicatory hearing was not held within the statutorily prescribed period the

---

1. Appellant also raises four other issues. After the most careful review we find them to be without merit.

2. The authority for this action is contained in 11 P.S. § 2208(a)(2).

3. The 72-hour hearing is mandated by 11 P.S. § 2208(c).

court was without jurisdiction to act in the case. The statute relied upon reads in relevant part:

> After the petition has been filed the court shall fix a time for the hearing thereon, which, if the child is in detention or shelter care shall not be later than ten days after the filing of the petition. If the hearing is not held within such time, the child shall be immediately released from detention or shelter care.[4]

42 Pa.C.S. § 6335(a).

Appellant argues that case law supports his interpretation of the statute. Cited in that regard is *Hemenway v. Hemenway*, 284 Pa.Super. 481 at 481, 426 A.2d 149 at 149 (1981) (emphasis supplied), in which the following appears.[5]

> The question before us is whether, absent a finding of dependency and *full* compliance with the Juvenile Act procedures, the lower court may properly award custody subject to the supervision of the County Children's Services. We hold that it may not.

There is no doubt that there was not full compliance with the statute here. That would appear to settle the issue in appellant's favor, but, for the following reasons, we conclude otherwise.

First, it is worth noting that in the breadth of its language quoted above, *Hemenway* is only *obiter dicta*. The facts which gave rise to the decision in *Hemenway* were much more extreme than those before us *sub judice*. In *Hemenway* no Juvenile Act petition was ever filed and none of that Act's procedures were followed in any way whatsoever. Here the only significant departure from the statutory norms was the tardiness of the adjudicatory hearing.

A case more directly on point is *In Interest of DelSignore*, 249 Pa.Super. 149, 375 A.2d 803 (1977) (Spaeth, J.). As here, appellant DelSignore argued that the court lacked jurisdiction to hold an adjudication hearing more than ten

---

4. Other provisions, allowing for an additional ten day extension, are not applicable here.

5. See also *Nemeth v. Nemeth*, 289 Pa.Super. 334, 433 A.2d 94 (1981).

days after the filing of the petition. This Court responded to this contention as follows:

> We agree with appellee that "[t]he obvious purpose of the statute is to prevent pre-hearing detention, and is apparent from the requirement of detention release if the hearing is not held within ten days." Appellee's Brief at 4. Here, appellant was released from detention on the tenth day after the petition was filed; thus the statute was complied with, and the harm it was designed to prevent—lengthy pre-hearing detention—was prevented.

*Id.*, 249 Pa.Superior Ct. at 158, 375 A.2d at 807.

Since the juvenile in *DelSignore* was released at the expiration of the ten day period, its holding cannot be directly applied here, where the juvenile was kept after the ten day period. However, an examination of the implications of *DelSignore's* holding does provide guidance.

■  In its interpretation of the purpose of the statute, *DelSignore* indicates the proper resolution of the issue before us. It is not the tardiness of the hearing, as such, which is the target of the statute. Rather, it is the prolonged pre-hearing confinement. Remedies for violations must thus be aimed at ending the confinement, not at other aspects of the case.

The statute itself confirms this view. It specifically provides that the consequence of a hearing not being held is that the juvenile will be released. The statute does not go on to provide for the court's loss of jurisdiction should the child not be released. Nor does it logically follow that the court must lose jurisdiction for such a violation—for other means of immediate redress exist which can act to fulfill the purpose of the statutory provision.

■  First, the juvenile held beyond the ten day period without a hearing can petition the Court of Common Pleas for his immediate release.[6] Should that court not release him, he would then have the right to petition this Court for

6. This could, of course, be also done by his parents or guardians on his behalf.

an order compelling his release. Such motions receive, of course, the most immediate treatment here.

Absent an unequivocal expression from the Legislature that loss of jurisdiction follows from a violation of the statute, we are unwilling to so declare.[7] This is particularly so in view of the fact that other avenues exist to vindicate the juvenile's right to release.

Order affirmed.

**7.** See *Commonwealth v. Barfod,* 160 Pa.Super. 59, 50 A.2d 36 (1946); *Kohn v. City of Philadelphia,* 156 Pa.Super. 112, 39 A.2d 531 (1944); 1 Pa.C.S. § 1928(b)(7); 3 C. Sands, Sutherland Statutes and Statutory Construction 224 (4th Ed.1974).