J-S41021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: N.W.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: N.W.S. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 312 MDA 2020 |

Appeal from the Order Entered December 10, 2019
In the Court of Common Pleas of Snyder County Juvenile Division at
No(s): CP-55-JV-0000045-2019

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: JANUARY 4, 2021**

N.W.S. appeals from the dispositional order committing him to a secure residential facility. N.W.S. claims the juvenile court was without jurisdiction to adjudicate him delinquent, as the Commonwealth had not filed a delinquency petition before the commencement of the adjudicatory hearing and within 24 hours of his detention hearing. He also asserts the Commonwealth's failure to file a petition within the time required by the Juvenile Act and the Rules of Juvenile Court Procedure warrants dismissal of his case. We affirm.

The Snyder County Probation Department detained N.W.S. at 11:30 p.m. on Friday, October 25, 2019. The Commonwealth filed Written Allegations against N.W.S. on the following Monday, October 28, 2019. The

_____

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth alleged N.W.S. and another juvenile had committed burglary, criminal trespass, and theft by unlawful taking or disposition (handgun).[1] That same day, the court held a detention hearing and ordered N.W.S. to remain in detention pending an adjudicatory hearing. The court scheduled the hearing for nine days later— November 6, 2019. At the time the adjudicatory hearing was to commence,[2] N.W.S. informed the court for the first time that he would require a protracted hearing, as he would be contesting the allegations. The court continued the hearing for another eight days, until November 14, 2019.

On November 14, the Commonwealth presented the testimony of two witnesses, and began direct examination of a third witness, when it realized it had failed to provide certain discovery to N.W.S. The court continued the hearing until November 20, 2019, and ordered that N.W.S. be released. On November 19, the day before the hearing was to resume, the Commonwealth filed a petition alleging delinquency.

When the hearing resumed on November 20, the Commonwealth recalled its first witness and restarted direct examination. Counsel for D.W.S. interjected, stating that he remembered the witnesses' testimony from the previous week. The parties agreed that there was no need for the Commonwealth to repeat its direct examination of those witnesses. The Commonwealth and N.W.S. then presented several additional witnesses.

---

[1] Respectively, *see* 18 Pa.C.S.A. §§ 3502(a)(2), 3503(a)(1)(ii), and 3921(a).

[2] The court initially scheduled the hearing for the morning, but rescheduled it for the afternoon following a continuance request by N.W.S.

Before ruling on the delinquency petition, the court observed that the Commonwealth had not filed the delinquency petition until the previous day. *See* N.T., 11/20/19, at 84. The Commonwealth asserted that it had complied with the requirement that it file the petition before the adjudicatory hearing when the juvenile is not in detention. N.W.S. raised no objection to the timing of the petition. *Id.* at 84-87.[3] The court adjudicated N.W.S. delinquent, ordered him detained, and scheduled a dispositional hearing.

At the dispositional hearing, N.W.S. moved for dismissal on the basis that the trial court lacked jurisdiction. The court ordered N.W.S. to file a post-disposition motion on the issue, and entered a disposition placing N.W.S. in a secure residential facility. N.W.S. filed a post-disposition motion arguing for dismissal because the Commonwealth had not filed the delinquency petition within 24 hours of the detention hearing, pursuant to Rule of Juvenile Court Procedure 242(D). *See* Juvenile's Post-Disposition Motion, 12/18/19, at 1-2.

After the submission of briefs and argument on the motion,[4] the court denied it. The court explained that "[t]he time requirements are to [e]nsure that Juvenile proceedings are held expeditiously where a [j]uvenile is detained." Opinion, filed 1/16/20, at 4. It reviewed that the Commonwealth must file the delinquency petition within 24 hours of the detention hearing,

_____

[3] Counsel for N.W.S. stated he had not yet received a copy of the petition, but acknowledged that the Commonwealth may have sent him a copy by e-mail.

[4] The certified record does not contain a transcript of the argument on the motion to dismiss.

and the court must hold the adjudicatory hearing within 10 days of the filing of the petition, *i.e.*, within 11 days of the detention hearing, unless the juvenile causes the hearing to be delayed; otherwise, the court must release the juvenile. *Id.* The court found that it complied with these requirements, because it scheduled the hearing for November 6, nine days after the detention hearing, and N.W.S. delayed the hearing an additional eight days, until November 14; on that date, when the Commonwealth caused further delay, the court ordered that N.W.S. be released.

Although it did not find waiver, the court noted N.W.S. did not realize the petition was untimely until the court raised the issue at the conclusion of the adjudicatory hearing, and did not object to the late filing of the petition until the dispositional hearing. *Id.* at 5. The court observed that N.W.S. did not assert prejudice, and found that he had suffered none, as he had notice of the charges *via* the written allegations, which "set forth the factual basis for the charges in the Petition and actually enumerate[d] the charges themselves." *Id.* [5]

N.W.S. appealed, and raises the following:

1. Whether the trial court lacked jurisdiction to commence an adjudication hearing when no petition alleging delinquency had been filed.

2. Whether the Commonwealth's failure to file a petition as mandated by 42 Pa.C.S.A. § 6331 and Pa.R.J.C.P. 242(D) divested

_____

[5] The court relied on this opinion for purposes of Pa.R.A.P. 1925(a).

the court of subject matter jurisdiction of the offenses alleged at the detention hearing.

3. Whether the proper remedy for a violation of 42 Pa.C.S.A. § 6331 and Pa.R.J.C.P. 242(D) is dismissal of the case.

N.W.S.'s Br. at 5 (unnecessarily capitalization and answers below omitted).

N.W.S. challenges the court's jurisdiction and its application of the Juvenile Act and the Rules of Juvenile Court Procedure. These are questions of law, over which our review is plenary and *de novo*. ***Commonwealth v. M.S.***, 39 A.3d 958, 962 (Pa. 2012).

N.W.S. first asserts that because the Commonwealth did not file a petition alleging delinquency before the adjudicatory hearing began on November 14, the court lacked subject matter jurisdiction to hold the hearing on that date, and "had no further jurisdiction to recess and reconvene the same hearing on November 20th." N.W.S.'s Br. at 9.[6] N.W.S. cites Pa.R.J.C.P. 408(A), which states the adjudicatory hearing is "on" the offenses "alleged in the petition." ***Id.*** at 10 (quoting 408(A)). N.W.S. also relies on ***Brooks-Gall v. Gall***, 840 A.2d 993, 997 (Pa.Super. 2003), which he claims held that "without a Petition Alleging Dependency, a Juvenile Court has no jurisdiction to adjudicate a child dependent." N.W.S.'s Br. at 10-11. N.W.S. argues that the same principle applies to delinquency proceedings, and that without a petition, the court has no jurisdiction to commence an adjudicatory hearing.

---

[6] N.W.S. points out that the court considered the hearing on November 20 to be a continuation of the hearing that started on November 14. N.W.S.'s Br. at 11.

N.W.S. did not raise this argument before the trial court. Below, he premised his argument regarding jurisdiction only on the Commonwealth's failure to file the petition within 24 hours of the detention hearing, and not the Commonwealth's failure to file it before the adjudicatory hearing commenced. Nevertheless, we will address it, because the issue of subject matter jurisdiction is not susceptible to waiver. **Commonwealth v. Jones**, 929 A.2d 205, 210 (Pa. 2007).

"The Juvenile Act, 42 Pa.C.S.A. §§ 6301-6365, 'encompasses the entire statutory scope of authority and discretion of the juvenile court to exercise jurisdiction over children as defined by the act.'" **Commonwealth v. C.L.**, 963 A.2d 489, 491 (Pa.Super. 2008) (quoting **Commonwealth v. J.H.B.**, 760 A.2d 27, 30 (Pa.Super. 2000)). Within Subchapter B of the Act, entitled "Jurisdiction and Custody," Section 6321 provides that juvenile court proceedings begin in any one of four ways, including by taking a child into custody pursuant to Section 6324:

> (1) By transfer of a case as provided in section 6322 (relating to transfer from criminal proceedings).
>
> (2) By the court accepting jurisdiction as provided in section 6362 (relating to disposition of resident child received from another state) or accepting supervision of a child as provided in section 6364 (relating to supervision under foreign order).
>
> (2.1) By taking a child into custody in accordance with the provisions of section 6324 (relating to taking into custody).
>
> (3) In other cases by the filing of a petition as provided in this chapter. The petition and all other documents in the proceeding shall be entitled "In the interest of ...................., a minor," and shall be captioned and docketed as provided by general rule.

42 Pa.C.S.A. § 6321(a).

Section 6324 provides a child may be taken into custody for the following reasons:

(1) Pursuant to an order of the court under this chapter. Prior to entering a protective custody order removing a child from the home of the parent, guardian or custodian, the court must determine that to allow the child to remain in the home is contrary to the welfare of the child.

(2) Pursuant to the laws of arrest.

(3) By a law enforcement officer or duly authorized officer of the court if there are reasonable grounds to believe that the child is suffering from illness or injury or is in imminent danger from his surroundings, and that his removal is necessary.

(4) By a law enforcement officer or duly authorized officer of the court if there are reasonable grounds to believe that the child has run away from his parents, guardian, or other custodian.

(5) By a law enforcement officer or duly authorized officer of the court if there are reasonable grounds to believe that the child has violated conditions of his probation.

42 Pa.C.S.A. § 6324.

Here, the Snyder County Probation Department took N.W.S. into custody based on probable cause that he had committed burglary, criminal trespass, and theft of a handgun. The proceedings thus properly commenced at that time. *See* 42 Pa.C.S.A. §§ 6321(a)(2.1), 6324(2). Moreover, before the court adjudicated N.W.S. delinquent, the Commonwealth had filed a

delinquency petition. **See** 42 Pa.C.S.A. § 6321(a)(3). The court thus had jurisdiction.[7]

**Brooks-Gall** supports the finding of subject matter jurisdiction once the proceedings commenced. There, we held the trial court lacked jurisdiction to *sua sponte* place children in foster care during protection from abuse petition proceedings. 840 A.2d at 994. We reiterated our previous holding that "an adjudication of dependency requires that, in order to have jurisdiction, the trial court must follow the procedures of the Juvenile Act, specifically those involving Section 6321 regarding the commencement of proceedings under the Act." **Id.** at 997 (citing **In Interest of M.B.**, 514 A.2d 599, 601 (Pa.Super. 1986)). We discussed that there were no grounds for the court to act under Section 6321, including that no petition had been filed, and the court had not taken the children into custody pursuant to Section 6324. **Id.** at 998-99.

Here, in contrast, at the time the court adjudicated N.W.S. delinquent, the court had jurisdiction under Section 6321 based on both custody under Section 6324, and the petition. Moreover, unlike in **Brooks-Gall**, the court

---

[7] Given these findings, we need not address whether the court alternatively had jurisdiction to commence an adjudicatory hearing based on the filing of the written allegations. **See** Pa.R.J.C.P. 200(1) (providing delinquency proceedings may be commenced by the submission of written allegations); Pa.R.J.C.P. 800(7) (suspending Section 6321 insofar as it "is inconsistent with Rule 200, which provides the submission of written allegation shall commence a proceeding"). **But see** Pa.R.J.C.P. 102, comment (explaining Article V, § 10(c) of the Pennsylvania Constitution gives the Supreme Court authority to create rules of court procedure, unless the rules "affect the right of the General Assembly to determine the jurisdiction of any court"); Pa.R.J.C.P. 231, comment (explaining that despite written allegations, a petition is required for formal court involvement).

here did not create a procedural abnormality *sua sponte* when it held the adjudicatory hearing—the entirety of the juvenile court proceedings had been centered on the allegations of N.W.S.'s delinquency.

N.W.S. next argues that even before the adjudicatory hearing, the court lost jurisdiction over the case when the Commonwealth failed to file the petition within 24 hours of the detention hearing pursuant to 24 Pa.C.S.A. § 6331 and Pa.R.J.C.P. 242(D). N.W.S.'s Br. at 12. He asserts, "Neither the statute nor the rule makes provision for a delinquency case to proceed if the Petition is not timely filed." ***Id.***

Section 6331 provides that if the juvenile remains detained following a detention hearing,[8] the Commonwealth must present a petition within 24 hours (or the next business day) following the commencement of the juvenile's detention. 42 Pa.C.S.A. § 6331. However, the Rules of Juvenile Court Procedure[9] suspended this portion of Section 6331, insofar as it is inconsistent with Rule 242(D). Pa.R.J.C.P. 800(11). That rule requires the petition be filed within 24 hours (or the next business day) following the detention hearing, rather than the juvenile's detention. Pa.R.J.C.P. 242(D).

Although the Rules do not specifically contemplate an untimely petition, they provide a different timing requirement if the juvenile is released from

---

[8] If the child is taken into custody prior to a hearing on a delinquency petition, the court or a master must hold a detention hearing within 72 hours of the start of the detention to determine whether further detention is warranted. 42 Pa.C.S.A. § 6332.

[9] The Supreme Court adopted the Rules of Juvenile Court Procedure in 2005.

detention. As the Comment to Rule 242 clarifies, "If the juvenile is not detained, a petition may be filed at any time prior to the adjudicatory hearing," so long as the juvenile has sufficient notice of the allegations. Pa.R.J.C.P. 242, Comment. Similarly, the Act does not specify a timing requirement for the petition if the child is released following the detention hearing. But, the Act does contemplate the filing of a petition following the child's release. **See** 42 Pa.C.S.A. § 6331 ("The release of the child shall not prevent the subsequent filing of a petition as provided in this chapter").

Here, although the Commonwealth failed to file the petition within 24 hours of the detention hearing pursuant to Rule 242(D), this did not divest the court of jurisdiction. As discussed above, Section 6321 of the Juvenile Act is controlling for the purposes of the court's jurisdiction, and it does not impose a timing requirement on the filing of the petition. In addition, we cannot agree that the Act and the Rules provide no avenue for the case to progress after a violation of Rule 242(D). The Rules clearly tie the 24-hour requirement to the juvenile's detention, and provide other requirements for a juvenile who has been released. Here, N.W.S. was no longer in detention at the time the petition was filed.

Moreover, we have previously rejected the argument that a juvenile court loses jurisdiction based on a procedural error. **See In Interest of H.K.**, 172 A.3d 71, 78 (Pa.Super. 2017). We have specifically declined to find the juvenile court loses jurisdiction when it violates the part of the Act requiring it to hold an adjudicatory hearing within 10 days of the filing of the petition.

*See In re Kerr*, 481 A.2d 1225, 1228 (Pa.Super. 1984) (stating, "Absent an unequivocal expression from the Legislature that loss of jurisdiction follows from a violation of the statute, we are unwilling to so declare"). Similarly, we see no reason why a violation of the 24-hour rule would divest the court of jurisdiction.

Finally, N.W.S. argues that, jurisdiction aside, the remedy for failure to file a petition within the 24-hour deadline set in Rule 242(D) should be dismissal. N.W.S.'s Br. at 13. He claims the remedy cannot be release, because the Act and the Rules already specify that release is the remedy for failure to hold an adjudicatory hearing within 10 days of the detention hearing, when the juvenile is detained. He asserts the intended remedy for an untimely petition must be different, or release would be specified. *Id.* at 13-14. At the same time, N.W.S. argues that because the Act and the Rules do not require a finding of prejudice when providing for release on the basis of a violation of the 10-day rule, the remedy for failing to file a timely petition must similarly apply, regardless of whether there was prejudice. *Id.* at 14. He argues "it is highly unlikely" that a juvenile would ever be able to show prejudice from a violation of the 24-hour rule. *Id.*

We reject the contention that a violation of Rule 242(D) necessitates dismissal of the case, regardless of prejudice. N.W.S. is correct in his observation that the Rules do not spell out a remedy for a violation of the 24-hour requirement; in contrast, the Rules clearly mandate that where the court fails to hold an adjudicatory hearing within 10 days of the filing of the petition,

the court must order that the juvenile be released, unless the child has caused the delay, in which case the court may continue the detention for successive 10-day intervals. 42 Pa.C.S.A. § 6335(a), (f); Pa.R.J.C.P. 404(A). However, we have previously observed that the 10-day requirement, which is only applicable when the juvenile is detained, is aimed at preventing prolonged pre-hearing confinement. **In re Kerr**, 481 A.2d at 1227; **see also** Pa.R.J.C.P. 404(B) (providing that an adjudicatory hearing for a non-detained juvenile "shall be held within a reasonable time").

This is also clearly the reason for the 24-hour rule. Like the 10-day rule, the 24-hour rule is only applicable when a juvenile is detained. The remedy, therefore, should address pre-hearing detention, the harm against which the rule protects. As N.W.S. himself observes, "The fast pace of juvenile proceedings [is] designed to provide children with resolution and permanency in an expeditious manner. Time limits are set so that children are not left lingering in limbo or kept away from their families for any longer than necessary." N.W.S.'s Br. at 12.

Moreover, dismissal as a remedy for a procedural violation is governed by Rule 126. That Rule states that courts should not dismiss a case for a procedural error, unless the juvenile objects before the beginning of the adjudicatory hearing and the juvenile has sustained prejudice:

> A juvenile shall not be discharged, nor shall a case be dismissed, because of a defect in the form or content of the petition, written allegation, or warrant, or a defect in the procedures of these rules, unless the juvenile raises the defect prior to the commencement

- 12 -

of the adjudicatory hearing, and the defect is prejudicial to the rights of the juvenile.

Pa.R.J.C.P. 126.

According to Rule 126, N.W.S. has waived the issue of the procedural defect by failing to raise it prior to the commencement of the adjudicatory hearing. Moreover, the Rule explains that dismissal is not the intended remedy for a procedural defect, unless the juvenile has been prejudiced. We therefore disagree that a violation of Rule 242(D), even if raised it prior to the commencement of the hearing, would warrant dismissal absent a showing of prejudice.

Here, N.W.S. does not assert prejudice, and we agree with the trial court that on the facts of this case, the rule violation has not caused any prejudice. Even though the Commonwealth did not file the petition within 24 hours of the detention hearing, the court scheduled the adjudicatory hearing for nine days after the detention hearing, and continued it an additional eight days, a delay it attributed to N.W.S. The court then bifurcated the hearing, and released N.W.S. Therefore, the Commonwealth's failure to file the petition caused no additional delay in the case, and did not prolong N.W.S.'s detention.[10]

As N.W.S. was no longer detained, the Commonwealth was required to file the petition prior to the start of the hearing; arguably, the hearing began

---

[10] In other cases, a violation of Rule 242(D) could cause the juvenile to be detained indefinitely. Such is not the case before us.

- 13 -

on November 14, and the Commonwealth did not file the petition until after the hearing commenced.[11] Nonetheless, N.W.S. had adequate notice to defend against the allegations in the petition, as they mirrored the written allegations.

In conclusion, although the Commonwealth violated Rule 242(D), N.W.S. waived the issue by failing to raise it prior to the commencement of the adjudicatory hearing, and failed to show prejudice warranting dismissal. We therefore affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/04/2021

---

[11] Although the parties contest whether the hearing commenced on November 14, or November 20, we need not decide the issue.