J-S46029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AURORA ALICIA STUSKI-COSTELLO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOUISE CATHERINE BENTIVEGNA | |
| Appellant | No. 3524 EDA 2014 |

Appeal from the Order Entered July 3, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-18868

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 16, 2015**

Appellant, Louise Catherine Bentivegna, appeals from the final protection from abuse (PFA) order entered against her on July 3, 2014, as made final by the denial of reconsideration on November 14, 2014.  Upon review, we affirm.

The trial court set forth the applicable facts and procedural history of this case as follows:

> On June 23, 2014, [Appellant] filed a [PFA] petition [] against her daughter, Mary M. Stuski, her [other] daughter, Aurora A. Stuski-Costello [(Stuski-Costello)], and her grandson, Galen I. Stuski.  After an *ex parte* hearing, a temporary PFA was issued to [Appellant].  On June 26, 2014, [Stuski-Costello] filed a [PFA] petition [] against her [m]other, [Appellant].  On that same date, the Honorable Gail Weilheimer [] granted [Stuski-Costello's] petition for a temporary PFA.  All petitions were consolidated for […] a final hearing on July 3, 2014 before [the Honorable Steven C. Tolliver].  In said hearing, all parties, with the exception of Mary M. Stuski, were represented by counsel and all

parties [were] given the opportunity to present evidence in support of their respective positions. At the conclusion of the hearing, based upon evidence and testimony adduced during the hearing, [the trial court] denied the final [PFA] petitions filed by [Appellant] and granted [Stuski-Costello's] request for a final PFA against [Appellant]. The final PFA, which remains in effect until July 2, 2017, directs that [Appellant] 'shall not abuse, harass, stalk or threaten' [Stuski-Costello], and that [Appellant] 'is prohibited from possessing, transferring or acquiring any firearms for the duration of the order.'

On July 29, 2014, [Appellant] filed a *pro se* petition for reconsideration of the final PFA order arguing, *inter alia*, that the final PFA was only issued because she owned guns and made threats with them in the past. [Appellant] believes the final PFA was granted in error as [Appellant's] behavior thirty (30) years ago does not constitute a current reasonable fear of bodily harm. On August 1, 2014, [the trial court] granted [Appellant's] petition for reconsideration and scheduled oral argument on the matter. Subsequently, [Appellant] retained new counsel in the matter. After two (2) continuances, on October 7, 2014, [Stuski-Costello] and her counsel and [Appellant] with new counsel appeared before [the trial court] for oral argument on [Appellant's] *pro se* petition for reconsideration.

During the argument, [Appellant's] new counsel requested leave to file an amended petition for reconsideration to raise a claim for ineffective assistance of counsel. On October 7, 2014, [the trial court] issued an order granting [Appellant's] request for leave, directing the parties to submit briefs on the issue of whether ineffective assistance of counsel is a basis for granting reconsideration of a PFA order.

On October 10, 2014, [Appellant] filed the amended petition for reconsideration of the final PFA that is currently [under review]. In said petition, [Appellant] state[d] that although the issues in the original reconsideration petition lack[ed] merit, [Appellant] believe[d] that she ha[d] a meritorious ineffective assistance of counsel claim. Accordingly, [Appellant sought] to vacate [the] final PFA and convene a *de novo* hearing before [the trial court] on the basis that

[Appellant's] counsel during the final PFA hearing was ineffective.

On October 28, 2014, [Appellant] filed a brief in support of [her] amended petition for reconsideration of the final PFA. On that same date, [Stuski-Costello] filed an answer to the amended petition for reconsideration and a memorandum of law in opposition to [Appellant's] amended petition for reconsideration.

Trial Court Opinion, 11/17/2014, at 1–3 (original brackets, superfluous capitalization, and footnotes omitted).

The trial court held oral argument and denied relief by order filed on November 14, 2014 and entered a final PFA order. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

[1.] Did the lower court err in dismissing Appellant's amended petition for reconsideration of [the] final PFA order, where Appellant asserted [her] right to effective counsel on the basis of procedural due process protections guaranteed by the Constitution of the United States and the Commonwealth of Pennsylvania, and where there was a substantial liberty interest at stake?

_____

[1] Appellant filed a notice of appeal on December 12, 2014 within 30 days from the date of the denial of reconsideration. Because the trial court expressly granted reconsideration within the time allotted for filing an appeal from the entry of the final PFA order, the time for taking the appeal was tolled. *See Cheatem v. Temple University Hospital*, 743 A.2d 518 (Pa. Super. 1999). Thus, the appeal is properly before us. On December 15, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 5, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 9, 2015.

[2.]    Did the lower court err in dismissing Appellant's amended petition for reconsideration of [the] final PFA order, where Appellant asserted that [Stuski-Costello] had provided insufficient relevant and admissible evidence upon which to support the issuance of a final [PFA] order?

Appellant's Brief at 4 (superfluous capitalization omitted).

In her first issue presented, Appellant avers the trial court erred by denying reconsideration of her claim that she was denied the effective assistance of counsel, in violation of her procedural due process rights. Appellant argues that counsel was ineffective in failing to advise her that she would have to surrender her firearms if the trial court granted her daughter's cross-petition for a PFA order. *Id.* at 12-13. Appellant claims there is a right to effective counsel in certain types of civil cases where an individual faces deprivation of a fundamental or substantial right or where a liberty interest is imperiled. *Id.* at 13-14. Appellant likens her interest in retaining her firearms to paternity rights and asset forfeiture cases. *Id.* at 15-17. She claims the final PFA deprives her of the right to bear arms under the United States and Pennsylvania Constitutions. *Id.* at 17-19.

"When reviewing a trial court's actions in a PFA case, the appellate court is to review the presiding trial court's legal conclusions for an error of law or abuse of discretion." *Ferko–Fox v. Fox*, 68 A.3d 917, 920 (Pa. Super. 2013).

Pursuant to 23 Pa.C.S.A. § 6107, procedural due process in the context of the PFA Act requires that:

> […] The court shall, at the time the defendant is given notice of the [PFA] hearing, advise the defendant of the right to be represented by counsel, of the possibility that any firearm, other weapon or ammunition owned and any firearm license possessed may be ordered temporarily relinquished, of the options for relinquishment of a firearm pursuant to this chapter, of the possibility that Federal law may prohibit the possession of firearms, including an explanation of 18 U.S.C. § 922(g)(8) (relating to unlawful acts), and that any protection order granted by a court may be considered in any subsequent proceedings under this title. This notice shall be printed and delivered in a manner which easily attracts attention to its content and shall specify that child custody is one of the proceedings where prior protection orders may be considered.

23 Pa.C.S.A. § 6107(a).  Because there is no dispute that Appellant received notice and an opportunity to be heard, we turn now to consider Appellant's claim that the trial court's refusal to grant reconsideration wrongly deprived her right to effective assistance of counsel.

The cases in which the right to effective counsel has been recognized fall into one of two categories:

> (1) cases in which the right to counsel is statutorily mandated; or (2) cases in which the defendant could be deprived of a fundamental or substantial right under the United States or Pennsylvania Constitutions. Where the appointment of counsel is legislatively created, the courts have construed this right to necessarily include the right to effective and competent representation since the right to counsel would otherwise be rendered meaningless.

*Weir v. Weir*, 631 A.2d 650, 656-657 (Pa. Super. 1993).

With regard to the right to counsel in PFA proceedings, this Court has previously determined:

- 5 -

> Unlike cases arising under the Juvenile Act or cases concerning involuntary commitment, there is no legislatively created right to court-appointed counsel in PFA proceedings. Rather, the PFA only requires that the court advise a defendant of the right to be represented at the hearing by counsel. **See** 23 Pa.C.S.A. § 6107(a). The right to be represented by counsel cannot be equated with the right to receive court-appointed counsel. The right to be represented by counsel in civil proceedings is one accorded to all individuals. However, all civil litigants do not have the right to court-appointed counsel.

*Id.* at 657 (brackets omitted). "The **Weir** court held that a PFA action is not the type of proceeding which involves the deprivation of a constitutional right so as to require the appointment of counsel." **Varner v. Holley**, 854 A.2d 520, 523 (Pa. Super. 2004).

It is also well settled that there is no recognized right to be represented by appointed counsel in a civil case. **May v. Sharon**, 546 A.2d 1256 (Pa. Super. 1988). We have explained:

> While it is true that in some instances counsel will be appointed for a plaintiff in a civil action, generally it is a situation involving broad policy considerations implicating a state interest of a civil rights nature such as a fair housing violation, sexual or other job discrimination or where liberty interests are implicated. The state has reasonably adjusted to these necessities by providing legal agencies to fulfill due process requirements, which will assist indigent persons who are wronged, or the courts have called upon pro bono services of the bar associations absent public resources. Each class of case and in some respects each case is scrutinized to determine if the right to counsel is required under the due process provisions of federal and state constitutions. The requirements are more clearly stated and more generally applicable when a party is a defendant in certain civil actions, rather than a plaintiff. It is also clear that classification of a case as civil as opposed to criminal will not be determinative, but rather, whether the action will

be perceived as ultimately depriving a person of higher liberty interests.

*Id.* at 1258.

In determining whether a litigant was afforded due process when a fundamental right is implicated, courts conduct a balancing test focusing on the following three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*, *citing* ***Mathews v. Eldridge***, 424 U.S. 319, 335 (1976).

As the trial court noted, the purpose of the PFA Act is to protect victims of domestic violence. Trial Court Opinion, 11/17/2014, at 7, *citing* ***Ferko-Fox v. Fox***, 68 A.3d at 921. This Court has explained, "[t]o meet the special exigencies of abuse cases, acceptable procedures have been fashioned which suspend, temporarily, the due process rights of the alleged abuser and provid[e] for summary procedures for implementation of orders." ***Ferko-Fox v. Fox***, 68 A.3d at 921. As such, the trial court herein was "confident that the legislature, in drafting the PFA [Act] fully considered the private interests of the alleged abuser and the alleged victim, the risk of erroneous deprivation of [Appellant's possession of firearms] with the procedures utilized in PFA proceedings, and the government's interest in preventing domestic violence[.]" Trial Court Opinion, 11/17/2014, at 8. The

trial court determined that due process in a PFA proceeding requires notice of the proceeding, notice that the defendant may have counsel present, and the opportunity of the defendant to present and cross-examine witnesses. *Id.* There is no dispute that Appellant received those due process rights.

We agree with the trial court's assessment. Under the PFA Act, there is no right to counsel. Thus, having no right to the appointment of counsel in a PFA proceeding, there can be no derivative ineffective assistance claim. *See Commonwealth v. Wideman*, 306 A.2d 894, 896 (Pa. 1973) (The right to representation by counsel to be meaningful necessarily includes the right to effective representation), *cf. Anders v. California*, 386 U.S. 738, (1967) and *Powell v. Alabama*, 287 U.S. 45 (1932). Clearly, under the PFA Act, there are competing interests between abuser and victims at play and the right to bear arms must yield to protecting victims from violence. Further, we note, in the context of a PFA statute, that the deprivation of one's right to possess firearms is temporary, not permanent, and ends once the duration of the final order concludes. *See* 23 Pa.C.S.A. § 6108.1 ("Any court order requiring the relinquishment of firearms, other weapons or ammunition shall provide for the return of the relinquished firearms, other weapons or ammunition to the defendant upon expiration of the order or dismissal of a petition for a protection from abuse order."). We also note that Appellant faces the potential for incarceration only if she violates the PFA order. Moreover, Appellant is not without a remedy since she is free to pursue a claim of civil liability as a result of professional negligence. Given

the nature of the PFA and the harm alleged, we believe this remedy is better tailored to vindicate Appellant's concerns with counsel's performance. As such, the trial court did not abuse its discretion or commit an error of law in denying Appellant relief on her ineffective assistance of counsel claim. Hence, Appellant's first issue lacks merit.

Next, Appellant contends Stuski-Costello failed to present sufficient evidence to support the trial court's grant of her PFA petition. Appellant's Brief at 26-28. Appellant argues that the trial court relied upon comments she made to Stuski-Costello in the 1980s. *Id.* at 27. More specifically, she claims Stuski-Costello "relied heavily upon an event in which [] Appellant, 30 years prior, had a gun on a table and stated, 'I don't know whether to shoot you or myself' in order to establish prior incidents of abuse." *Id.* Thus, Appellant maintains the event was so distant in time the trial court should have disregarded it. *Id.* at 27-28.

Our standard of review is well-settled:

> When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference[s], determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of the evidence is defined as the greater weight of the evidence, *i.e.,* to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

*Ferko-Fox v. Fox*, 68 A.3d at 926-927.

We have held:

> In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury. The intent of the alleged abuser is of no moment.
>
> *          *          *
>
> [I]n light of the purpose of the Act to prevent imminent harm to abused persons, some flexibility must be allowed in the admission of evidence relating to past acts of abuse. [For example, this Court has] held that it was not an abuse of discretion for the court to consider evidence of abuse that occurred six years earlier. [We] reasoned that:
>
>> In light of the protective purposes of the act, it was within the trial court's discretion to hear any relevant evidence that would assist it in its obligation to assess the [] entitlement to and need for a protection from abuse order. If the trial court found the testimony to involve events too distant in time to possess great relevance to the case, it could certainly have assigned less weight to the testimony. However, it was not an abuse of discretion for the trial court to hear the evidence. Past abusive conduct on [an] appellant's part [is] a crucial inquiry necessary for entry of a proper order.

**Buchhalter v. Buchhalter**, 959 A.2d 1260, 1263-1264 (Pa. Super. 2008) (internal citations, ellipsis, and parentheticals omitted).

Here, the trial court allowed the evidence pertaining to the past threat of violence "to assist it in its obligation to assess [Stuski-Costello's] need for protection of abuse." Trial Court Opinion, 1/9/2015, at 10. The trial court "did not assign great weight to the testimony" and "considered the totality of the circumstances, including [Stuski-Costello's] testimony regarding more

- 10 -

recent threats made by Appellant, and [Stuski-Costello's] disposition and credibility during her testimony[.]" *Id.*

Upon review of the record, we find no error. Stuski-Costello testified that Appellant recently harassed her while she was managing a rental property. N.T., 7/3/2014, at 134-135. Stuski-Costello stated that Appellant blocked access to her vehicle and because Appellant had already obtained a PFA, Stuski-Costello did not feel free to leave. *Id.* at 134-135, 145-146. She felt that Appellant was provoking her. *Id.* at 146. Stuski-Costello locked herself in her car and waited until she thought Appellant drove off. *Id.* at 135-136. While driving home, Stuski-Costello saw Appellant following her despite the fact that Appellant lived in a different direction. *Id.* Stuski-Costello testified that she was in fear. *Id.* at 136. Later, Appellant told Stuski-Costello's sister that "she and [Stuski-Costello] were both dead and [Appellant] would see to it." *Id.* at 138. Stuski-Costello testified that Appellant owned guns and she has been afraid of her mother her entire life. *Id.*

We will not usurp the trial court's credibility determinations. Moreover, while there was testimony regarding the aforementioned past incident, the trial court did not render its decision solely upon it. There was sufficient evidence of present events of abuse and the trial court did not err in granting Stuski-Costello's PFA petition. Accordingly, Appellant's second issue is without merit.

Order affirmed.

- 11 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/16/2015</u>