## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sagamore Hills Homeowners Association | : | |
| | : | |
| | : | |
| v. | : | No. 1118 C.D. 2024 |
| | : | |
| Michelle Whitney and Kevin Ferrara, | : | |
| | : | |
| Appellants | : | Submitted: November 6, 2025 |

BEFORE:   HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE WOLF                       FILED: December 8, 2025

Michelle Whitney and Kevin Ferrara (Homeowners) appeal from an order of the Court of Common Pleas of Clinton County (trial court) dated May 9, 2024, which denied Homeowners' Motion for a New Trial following a non-jury trial after which the trial court rendered a verdict in favor of Sagamore Hills Homeowners Association (HOA) in its action to collect unpaid fees from Homeowners. Also before this Court is HOA's Application to Quash Appeal (Application), which we will treat as an application to dismiss this appeal for Homeowners' waiver of all issues on appeal by failing to file a timely Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b) (1925(b) Statement).[1] Upon review, we find

---

[1] We find that dismissal, rather than quashal, is proper in light of our Supreme Court's observation that quashal "is usually appropriate where the order below was unappealable, the **(Footnote continued on next page…)**

that Homeowners have waived all issues on appeal as a result of their failure to file a timely 1925(b) Statement. Therefore, we grant the Application and dismiss Homeowners' appeal.

## I. BACKGROUND

This case arose from a civil action by HOA to collect certain fees from Homeowners. On January 9, 2024, the trial court held a single day non-jury trial and on January 23, 2024, entered judgement against Homeowners for $523.47, plus interest and costs, and $5,000 in attorney's fees. Homeowners filed a Motion for new trial on February 5, 2024, which was denied by the trial court following a hearing on May 9, 2024. Following such denial, Homeowners initiated an appeal to the Superior Court by a Notice of Appeal filed June 7, 2024.

On June 12, 2024, the trial court filed an order directing Homeowners to file and serve on the trial court, no later than 21 days from the entry of that order, a 1925(b) Statement. Reproduced Record (R.R.) at 14. Accordingly, their 1925(b) Statement needed to be filed and served on the trial court no later than July 3, 2024. The trial court's order also informed Homeowners: "Any issue not properly included in the Statement timely filed and served . . . shall be deemed waived." *Id.*

On July 16, 2024, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) (1925(a) Opinion), noting that Homeowners had failed to file a 1925(b) Statement, and asking for their appeal to be dismissed. Following the trial court's issuance of its 1925(a) Opinion, Homeowners filed an untimely 1925(b) Statement, laying out their issues raised on appeal, as well as stating that such Statement was untimely because "the court's June 12 order was inappropriately calendared in

appeal was untimely, or the court otherwise lacked jurisdiction," but not when there has been "a waiver of the substantive claims that would be raised." *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001) (cleaned up).

2

[counsel's] system, and counsel was not aware the deadline had been missed until she received the court's July 16 order on July 19, 2024." R.R. at 19. On August 1, 2024, the trial court filed a supplemental 1925(a) Opinion noting Homeowners' stated reason for their untimely filing of their 1925(b) Statement and addressing the merits of the errors they alleged.

The instant appeal was transferred to this Court by order of the Superior Court on August 26, 2024.[2] On September 3, 2024, HOA filed the Application, contending that Homeowners' appeal should be quashed, as they waived all substantive issues on appeal by failing to file a timely 1925(b) Statement or show good cause for such failure. This Court responded with an order, dated October 31, 2024, directing the parties to address the issue of waiver in their principal briefs.

## II. ISSUES

We need not summarize either party's arguments as to the merits of the instant appeal to reach our disposition, but we briefly discuss their positions as to waiver.

Homeowners contend that the trial court's supplemental 1925(a) Opinion granted, *sua sponte*, an extension of time for the filing of their 1925(b) Statement and thus accepted it as timely. Therefore, they essentially argue that the issue of waiver is moot.

HOA mirrors those arguments contained in its Application, contending that Homeowners' failure to file a 1925(b) Statement for other than good cause results in the waiver of all issues they raise on appeal.

---

[2] This Court has jurisdiction over appeals from final orders in certain cases involving non-profit corporations, such as a homeowners association, pursuant to 42 Pa.C.S. § 762(a)(5)(ii).

3

## III. DISCUSSION

In *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005), our Supreme Court emphasized a "bright-line rule" requiring strict compliance with a trial court's order to file a 1925(b) Statement. *Id.* at 776. In overruling a Superior Court decision which addressed issues raised in an untimely 1925(b) Statement, the Supreme Court expressed disapproval of intermediate appellate court decisions that "addressed issues that should have been deemed waived." *Castillo*, 888 A.2d at 780. Simply put, errors not raised in a *timely filed* 1925(b) Statement are waived on appeal.

Where an appellant fails to file a timely 1925(b) Statement or timely request an extension for the filing of same, two possible avenues of redress exist: They may request that an untimely filing be accepted by the trial court *nunc pro tunc* under Rule 1925(b)(2)(i) due to "extraordinary circumstance[.]" Alternately, they may request an appellate court remand to the trial court for a 1925(b) Statement to be filed *nunc pro tunc* upon application to such appellate court and a showing of "good cause" for their failure to file or untimely filing of a 1925(b) Statement under Rule 1925(c)(2). The official note to Rule 1925(b)(2) describes when "extraordinary circumstances" have been found:

> In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. *See, e.g.*, *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004) ("We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc*.")[.] Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. *McKeown v. Bailey*, 731 A.2d

4

628, 630 (Pa. Super. 1999). However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time. *Id.*

Pa.R.A.P. 1925, Note, Subparagraph (b)(2). "[G]ood cause" is not defined by Pa.R.A.P. 1925(c)(2) but has been defined elsewhere as "a substantial reason, one that affords a legal excuse." *Anderson v. Centennial Homes, Inc.*, 594 A.2d 737, 739 (Pa. Super. 1991).

Here, like the Superior Court in *Castillo*, we are unable to consider issues raised in Homeowners' untimely filed 1925(b) Statement. Homeowners have shown neither extraordinary circumstances nor good cause to warrant relief under Rule 1925(b)(2)(i) or (c)(2).

As a preliminary matter, the fact that the trial court issued a supplemental 1925(a) Opinion following its receipt of Homeowners' late-filed 1925(b) Statement does not undo the waiver, contrary to Homeowners' contention. This Court has held that "[w]aiver is not cured by the trial court's filing of a Rule 1925(a) opinion addressing the merits of the issues on appeal." *Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038, 1042 (Pa. Cmwlth. 2018). Nor does the supplemental 1925(a) Opinion expressly accept Homeowners' 1925(b) Statement *nunc pro tunc* or accept it as timely. Rather, it simply notes the stated reason for the untimely filing of Homeowners' 1925(b) Statement and notes that the supplemental opinion is responsive to same. As stated in *Jenkins*, this alone is insufficient to cure waiver.

Further, the reasons stated for the late filing do not constitute "extraordinary circumstances" or "good cause" to warrant *nunc pro tunc* filing or remand as contemplated by Rules 1925(b)(2)(i) and (c)(2), respectively. Homeowners' counsel represented in her 1925(b) Statement that "the court's June

5

12 order was inappropriately calendared in our system, and counsel was not aware the deadline had been missed until she received the court's July 16 order on July 19, 2024." R.R. at 19. As stated in the note to Rule 1925(b)(2), extraordinary circumstances may encompass "non-negligent circumstances" related to an appellant's counsel. Pa.R.A.P. 1925, Note, Subparagraph (b)(2) (quoting *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999)). The circumstances in the instant case, however, are clearly not "non-negligent" on the part of Homeowners' counsel. *See, e.g.*, *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that counsel's failure to file a timely 1925(b) statement is *per se* ineffective assistance of counsel in a criminal case).[3] In the absence of extraordinary circumstances, we now turn to whether counsel had good cause for her failure to file a timely 1925(b) Statement.

In *Commonwealth v. Hooks*, the Superior Court found that an appellant had good cause for the late filing of a 1925(b) Statement where the appellant was unaware of the trial court's 1925(b) order, due to the trial court's failure to properly serve its order on the appellant. 921 A.2d 1199, 1202 (Pa. Super. 2007). The instant case is distinguishable in that it was not the trial court's error, but rather counsel's, that caused the untimely filing. Incorrectly calendaring an order is an error

---

[3] Indeed, in crafting Rule 1925(c)(2), our Supreme Court contemplated the complete failure to file or timely file a 1925(b) Statement by an appellant's counsel and decided to create a lifeline for appellants in certain cases: namely those where a statutory right to counsel exists, such as "post-conviction relief, juvenile, parental termination, or civil commitment proceedings[.]" Pa.R.A.P. 1925, Note, Subparagraph (c)(2). No such lifeline exists in this case. *See May v. Sharon*, 546 A.2d 1256, 1258 (Pa. Super. 1988) ("While it is true that in some instances counsel will be appointed for a plaintiff in a civil action, generally it is a situation involving broad policy considerations implicating a state interest of a civil rights nature such as a fair housing violation, sexual or other job discrimination or where liberty interests are implicated.").

attributable to counsel and distinguishable from counsel not receiving or being aware of an order due to a trial court's failure to serve such order.

In *Jenkins*, this Court found that an appellant lacked good cause for the late filing of a 1925(b) Statement where such appellant was waiting for receipt of a hearing transcript and subsequently filed their 1925(b) Statement four days late. *Jenkins*, 176 A.3d 1038, 1043. In the instant case, Homeowners' reason for the late filing is less compelling than that in *Jenkins* and their 1925(b) Statement was over 20 days late. While not directly analogous, we nevertheless find *Jenkins* persuasive insofar as we find the cause for the late filing in the instant case to be even less excusable than that in *Jenkins*, where we found no "good cause" existed for the late filing.

## IV. CONCLUSION

For the foregoing reasons we are constrained to dismiss Homeowners' appeal.

---
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sagamore Hills Homeowners     :
Association     :
    :
        v.     :    No. 1118 C.D. 2024
    :
Michelle Whitney and Kevin     :
Ferrara,     :
            Appellants     :

## **O R D E R**

AND NOW, this 8th day of December 2025, upon consideration of the Application to Quash Appeal (Application) filed by Sagamore Hills Homeowners Association, which the Court treats as an application to dismiss, the Application is GRANTED, and the above-captioned appeal is DISMISSED.

_____
MATTHEW S. WOLF, Judge