406 Pa. Superior Ct. 466 (1991)
594 A.2d 714
In re A.S., a Minor DOB 02/13/74.
Appeal of J.S. and W.S.
Superior Court of Pennsylvania.
Argued June 12, 1991.
Filed July 26, 1991.
*467 Frederick I. Huganir, Carlisle, for appellants.
Julie F. McKain, Carlisle, for appellee.
Ruby D. Weeks, Carlisle, for participating party.
Before CIRILLO, TAMILIA and HESTER, JJ.
TAMILIA, Judge:
These are consolidated appeals from a June 7, 1990, Order, which found the child, A.S., to be dependent and placing her in foster care, and a December 31, 1990, Order, *468 which affirmed the Master's finding that it was in the child's best interest to remain in foster care.
On June 6, 1990, Children and Youth Services (CYS) received custody of sixteen year old A.S., daughter of appellants, on an emergency basis due to a severe conflict between the child and both parents. On June 7, 1990, the parents stipulated to the facts on which the trial court based its dependency finding and the child was placed in foster care. On July 23, 1990, the parents appealed the initial dependency finding of the court and petitioned for a juvenile dependency determination. At a September 6, 1990, hearing, the court found A.S. continued to be dependent and in need of foster care. The parents appealed the June 7, 1990, Order (No. 00636 Harrisburg, 1990).
At the six-month judicial review hearing held December 19, 1990, the Master found, inter alia, it was in A.S.'s best interest to remain in foster care until high school graduation. On December 31, 1990, the trial court entered an Order affirming the Master's findings. The parents appealed this Order (No. 00069 Harrisburg, 1991). These appeals have been consolidated for our review.
Appellants now argue the following: 1) the trial court's Order must be vacated because the court adjudicated the child dependent without sufficient evidence of record to meet the "clear and convincing evidence" standard; 2) the parents' prior counsel was so ineffective that he undermined the truth determining process such that no reliable adjudication of dependency could have taken place; 3) appellants' right to fundamental fairness and due process was denied by the trial court because its dependency Order was exclusively the product of the Master's extensive and routine ex parte contact with only one party (appellee) to the multi-party litigation; 4) finally, there is sufficient cause for a rehearing before a judge because the motion for rehearing averred procedural irregularities and averred the Master failed to advise appellants of their right to have the matter heard by a judge.
*469 Appellee, CYS, argues: 1) the trial court was correct in finding the child dependent based on the clear and convincing evidence of the facts stipulated to by the parties; 2) there is no basis to conclude the parents' first attorney was ineffective in representing the parents and even if counsel was more effective, the child still would have been found dependent and removed from her parents' care and custody; 3) the parents may not relitigate or appeal the trial court's finding of dependency when they did not request a ten-day hearing, did not request reconsideration, did not appeal and did nothing until July 23, 1990, well after the appeal period had expired; 4) parents' rights to due process and fundamental fairness were protected by the trial court; 5) it was not fatal error by the Master in failing to advise parents of their right to object to the review being conducted by the Master.
Court appointed counsel for the child adopts appellee's arguments in full and adds that under no circumstances does the child want to return to the custody of her mother and father.
Our review of this case begins with a determination of whether the trial court properly exercised its jurisdiction for the purpose of entering an adjudication of dependency; second, whether the disposition was in the best interest of the child and clear necessity required placement of the child out of the home; and third, whether ineffectiveness of counsel so impaired the proceeding that, despite the record, the truth finding process was so impaired as to require reversal.
The thrust of appellants' complaint is that the Order of adjudication of dependency entered June 7, 1990, and filed June 11, 1990, was invalid as it was based upon insufficient evidence. This Order was based on a stipulation in open court, entered by the parties, based on the extensive factual statement contained in the petition charging dependency filed within 24 hours of the time the child was taken into custody by CYS. The petition contained sufficient facts of the child's emotional and physical condition, *470 including running away from home because of severe conflicts with her parents to warrant a finding of dependency, if the facts were established. The fact that this finding was based upon stipulation of the parties rather than taking testimony does not diminish the ability of the court to determine the evidence was clear and convincing. However, in the absence of at least some corroborating evidence presented in open court and the agreement as to the facts, the requirement of section 6341 of the Juvenile Act, 42 Pa.C.S. § 6301 et seq., is that the court make an independent determination that the child is dependent. In this case, while the parents were present and represented by counsel, as was the child, neither the child nor parents testified. The stipulation proposed by counsel for CYS went primarily to the Order and agreement by the parties that the Order should be entered. The problem presented by the stipulation as to dependency is that counsel for the parents, Edgar Casper, did not agree to the facts contained in the petition. On page 5 of the record of the hearing of June 7, 1990, in response to Judge Hoffer's inquiry, Mr. Casper stated:
The stipulation is based on the allegations insofar as they set forth a severe parent-child conflict and the fact that his Honor at this point in time is quite disturbed, and this leads to the stipulation.
Insofar as I must say for the record, Your Honor, and insofar as some of the specific factual allegations go, I must say I can't agree to them, can't admit them, but I don't think any useful purpose would be served in an adversary proceeding style at this point, as long as we are agreed on what is essential and on stipulation which Mrs. Weeks has properly stated.
(T.T., 6/7/90, p. 5.) It is, therefore, not clear that the facts stated in the petition actually formed the basis for the stipulation to enter an Order finding the child dependent, and proceeding forthwith, without further testimony to enter a disposition pursuant to section 6351, Disposition of dependent child. It appears that most of the parties necessary for a proper hearing on the child's dependency were *471 present in court and, had their testimony been received, a proper adjudication could have been made. The fact the parents were present and remained silent is not necessarily conclusive of their agreement to the adjudication and disposition. What occurred here was consolidation of the shelter hearing and adjudicatory/dispositional hearings into a tenminute dialogue between the attorneys and the court. While counsel for CYS asserts in her brief that to involve every case in a full hearing would result in overwhelming the court, it is also necessary to assure due process and to permit the parents to have their day in court. A respite between the adjudicatory hearing, properly conducted, and a dispositional hearing sometimes allows for the parties to pull back, gain some perspective and begin the healing process. It is fair to say that the parents were unhappy with the conduct of the proceedings and their apparent helplessness or they would not have obtained new counsel to attempt to reverse the results. Even if stipulations are admissible in dependency cases, which is in question because of language contained in In Interest of Michael Y., 365 Pa.Super. 488, 530 A.2d 115 (1987), the vagueness of this stipulation and the fact no corroborating testimony was taken nor any of the parties heard from, leaves this Court with the belief that this adjudication has not adequately been founded on clear and convincing evidence. A petition is not evidence and inadequate proof based on a dubious stipulation is not the standard of which this Court approves for adjudicating a child dependent.
We, therefore, hold the adjudication of dependency was flawed and, although this adjudication was not appealed in a timely fashion, the subsequent appeal of the dispositional review permitted the issue to be raised on the basis of ineffective counsel. See Matter of J.P., 393 Pa.Super. 1, 573 A.2d 1057 (1990).
The second procedural error that may not pass unnoticed is the failure of the Master to inform the parents they had a right to proceed before a judge. Section 6305, Masters, provides:

*472 (b) Hearings before masters.  The court of common pleas may direct that hearings in any case or class of cases be conducted in the first instance by the master in the manner provided in this chapter. Before commencing the hearing the master shall inform the parties who have appeared that they are entitled to have the matter head by a judge. If a party objects, the hearing shall be conducted by a judge.
This section appears to be mandatory but unless contested in a timely fashion, and not for the first time on appeal, the failure to so instruct is deemed to be waived.
(d) Rehearing before judge.  A rehearing before the judge may be ordered by the judge at any time upon cause shown. Unless a rehearing is ordered, the findings and recommendations become the findings and order of the court when confirmed in writing by the judge.
42 Pa.C.S. § 6305(d). Failure to inform the parties they are entitled to a hearing before a judge is subject to review pursuant to section 6305(d), but is waived if not raised in a timely fashion pursuant to that section.
Because of our holding we must remand this case for an adjudicatory hearing and dispositional hearing, if required. So that appellants are not unduly exulted by our ruling, we must add that if properly presented evidence conforming to the allegations in the petition is presented in open court, the adjudication should be the same. The parents must understand that a 17-year old child must be controlled by good example, love and respect; discipline alone will not resolve severe conflicts between parent and child. Refusal to cooperate in family counselling and distancing themselves from the child by refusing visitation will harden the antagonisms and make it impossible to obtain a reconciliation.
Since time is of the essence, it is directed that the adjudicatory hearing on the petition be set within 30 days of the return of the record to the court.
*473 We need not, in light of our ruling, pass on issues relating to clear necessity to place the child out of her home and what is in the child's best interest.
Order of adjudication vacated and case remanded for further proceedings consistent with this Opinion.
Jurisdiction relinquished.