J-A21044-17

2017 PA Super 324

| | | |
|---|---|---|
| IN THE INTEREST OF: H.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: GREENE COUNTY | : | |
| CHILDREN AND YOUTH SERVICES | : | No. 474 WDA 2017 |

Appeal from the Order Entered March 2, 2017
In the Court of Common Pleas of Greene County
Domestic Relations at No. DP-2016

BEFORE:   BENDER, P.J.E., OLSON, and STABILE, JJ.

OPINION BY STABILE, J.:                    **FILED OCTOBER 13, 2017**

Greene County Children and Youth Services ("CYS") appeals from the order entered March 2, 2017, which dismissed its dependency petition with respect to H.K. ("Child"), a female born in April 2007, and returned Child to the care of her parents, W.K. and P.K (collectively, "Parents"). After careful review, we reverse the trial court's March 2, 2017 order, reinstate the December 28, 2016 order adjudicating Child dependent, and remand for further proceedings consistent with this Opinion.

We summarize the relevant factual and procedural history of this matter as follows. CYS filed an application for emergency protective custody of Child on December 16, 2016. In its application, CYS averred that it received a report alleging that Child was being sexually abused by her brother. Application for Emergency Protective Custody, 12/16/16, at 3. The report further alleged that Parents were aware of the abuse, but were doing

nothing to stop it. **Id.** The Honorable Louis Dayich granted the application and entered an order for emergency protective custody, placing Child in foster care. Child remained in foster care pursuant to a shelter care order entered December 20, 2016.

On December 22, 2016, the parties appeared for a dependency hearing before Master Kimberly Simon-Pratt. Following the hearing, on December 27, 2016, Master Simon-Pratt issued a recommendation that Child be adjudicated dependent and remain in foster care. That same day, Parents filed a document entitled "Request for De Novo Hearing," requesting a new dependency hearing before a judge. Judge Dayich accepted Master Simon-Pratt's recommendation and adjudicated Child dependent by order dated December 27, 2017, and entered December 28, 2017.

On January 6, 2017, Greene County President Judge, the Honorable Farley Toothman ("the trial court" or "the court"), granted Parents' "Request for De Novo Hearing," and scheduled a dependency rehearing.[1] The rehearing commenced before the trial court on January 30, 2017, and continued on March 2, 2017. On March 2, 2017, counsel for Parents made an oral motion requesting that the court dismiss CYS's dependency petition. Specifically, counsel for Parents argued that the court violated the Rules of

_____

[1] It is not clear from the record exactly when or why the case was transferred from Judge Dayich to the trial court.

Juvenile Court Procedure by failing to conduct the rehearing within seven days of receiving Master Simon-Pratt's recommendation, and that the court's procedural misstep deprived it of jurisdiction to further consider CYS's petition.[2] N.T., 3/2/17, at 21. After interviewing Child, the court recessed the rehearing to consider Parents' motion. *Id.* at 93-95. The court ultimately granted Parents' motion, and entered an order concluding that it lacked jurisdiction, and that it was in Child's best interests to be returned immediately to the care of Parents. CYS timely filed a notice of appeal on March 24, 2017, along with a concise statement of errors complained of on appeal.

CYS now raises the following issues for our review, which we have reordered for ease of disposition.

> [1.] Whether the parents['] filing on December 27, 2016 entitled "request for de novo hearing" was defective for its failure to follow Rule 1191 of the Rules of Juvenile Court Procedure in that the parents failed to aver reasons for the challenge as required by Rule 1191(c)[?] Additionally, whether the request was defective in that it was not served on all parties as required by law in that the parents failed to serve the guardian ad litem with their pleading[?]
>
> [2.] Whether the Trial Court committed error in determining that its failure to conduct a re-hearing pursuant to Rule 1191 of the Rules of Juvenile Court Procedure result[ed] in the Trial Court [being] "without jurisdiction to further consider the petition of [CYS]"?

_____

[2] Parents first raised this issue on the record in a document entitled "Objections," filed February 27, 2017.

3. Whether the Trial Court committed error or violated the due process rights of [CYS] by determining that it was in the best interest to return the minor child to the custody of her parents when the Trial Court had not heard the evidence that would have been presented by [CYS] had the Court allowed the hearing to continue[?]

CYS's Brief at 1-2.

In dependency matters, we review the trial court's order pursuant to an abuse of discretion standard of review. *In re R.J.T.,* 9 A.3d 1179, 1190 (Pa. 2010). As such, we must accept the court's findings of fact and credibility determinations if they are supported by the record, but we need not accept the court's inferences or conclusions of law. *Id.* In addition, when reviewing a court's conclusion that it lacks subject matter jurisdiction, our standard of review is *de novo*. *S.K.C. v. J.L.C.,* 94 A.3d 402, 406 (Pa. Super. 2014) (citing *Beneficial Consumer Discount Co. v. Vukman,* 77 A.3d 547, 550 (Pa. 2013)).

Pursuant to the Juvenile Act, and our Rules of Juvenile Court Procedure, the president judge of a court of common pleas, or his or her designee, may appoint masters to conduct hearings in select dependency matters. 42 Pa.C.S.A. § 6305; Pa.R.J.C.P. 1185, 1187.[3] However, parties in dependency matters have a right to a hearing before a judge. 42 Pa.C.S.A. § 6305(b); Pa.R.J.C.P. 1187(B)(1). Prior to the commencement of any

---

[3] The Rules of Juvenile Court Procedure pertaining to masters were amended on April 6, 2017. The amendments, which take effect September 1, 2017, provide that masters will now be known as "juvenile court hearing officers."

hearing before a master, the master must inform the parties of that right. 42 Pa.C.S.A. § 6305(b); Pa.R.J.C.P. 1187(B)(1). If a party objects to having his or her case heard by the master, a hearing before a judge must be scheduled immediately.[4] 42 Pa.C.S.A. § 6305(b); Pa.R.J.C.P. 1187(B)(2).

Even if the parties consent to a hearing before a master, the master's recommendation is subject to approval by a judge. Pa.R.J.C.P. 1191, cmt. The Juvenile Act provides that "[a] rehearing before the judge may be ordered by the judge at any time upon cause shown. Unless a rehearing is ordered, the findings and recommendations become the findings and order of the court when confirmed in writing by the judge." 42 Pa.C.S.A. § 6305(d). In addition, the Rules of Juvenile Court Procedure provide the following guidance on how and when a party may challenge a master's recommendation, and how and when a trial court may accept that recommendation.

> **C. Challenge to Recommendation.** A party may challenge the master's recommendation by filing a motion with the clerk of courts within three days of receipt of the recommendation. The motion shall request a rehearing by the judge and aver reasons for the challenge.
>
> **D. Judicial Action.** Within seven days of receipt of the master's findings and recommendation, the judge shall review the findings and recommendation of the master and:

---

[4] A claim that a master failed to notify a party of his or her right to a hearing before a judge is waived if not raised in a timely fashion. ***In re A.S.***, 594 A.2d 714, 717 (Pa. Super. 1991)

(1) accept the recommendation by order;

(2) reject the recommendation and issue an order with a different disposition;

(3) send the recommendation back to the master for more specific findings; or

(4) conduct a rehearing.

Pa.R.J.C.P. 1191(C)-(D).

With this authority in mind, we now turn to the issues raised by CYS on appeal. In its first issue, CYS argues that the trial court erred by granting Parents' "Request for De Novo Hearing." CYS's Brief at 9-11. CYS argues that Parents' failed to comply with Rule 1191(C), because they filed a request for a "*de novo* hearing" rather than a "rehearing," and because they did not aver reasons for their challenge to Master Simon-Pratt's recommendation. **Id.** at 9-10. CYS further argues that Parents failed to serve their request on Child's guardian *ad litem*. **Id.** Finally, CYS argues that Judge Dayich complied with Rule 1191(D) by accepting Master Simon-Pratt's recommendation within seven days, that Parents did not have a right to a rehearing under the Rules, and that the trial court erred by granting a rehearing after Judge Dayich accepted the recommendation. **Id.** at 10.

In its opinion, the trial court explained its decision to accept Parents' "Request for De Novo Hearing" as follows.

> While [Rule 1191(C)] governs the requirements the attorney must follow in submitting his motion in the matter, it places no restriction on the discretion of the Court in accepting defective pleadings.

In this matter, the Court had to weigh any procedural defects in form and service of the petition against the best interests of the minor child in a matter involving a child removed from the parental home due to allegations of sibling sexual abuse.

Finally, the record from the January 30, 2017 and March 2, 2017 hearing does not show a prejudicial effect resulting from the Court accepting the petition upon any part[y].

Therefore, the Court respectfully submits that it did not err in accepting [Parents'] "Request for De Novo Hearing."

Trial Court Opinion, 4/20/17, at 10 (unpaginated).

We agree with CYS that the trial court erred by scheduling a rehearing on its dependency petition. Critically, neither the Juvenile Act, nor the Rules of Juvenile Court Procedure, provides that parties have a right to a rehearing after a dependency hearing before a master. The Juvenile Act provides that a court "may" order a rehearing, but only upon cause shown. 42 Pa.C.S.A. § 6305(d); *see also In re A.M.*, 530 A.2d 430, 432 (Pa. Super. 1987) (explaining that, since the court "must exercise discretion as to whether or not such rehearing must be granted, it cannot be maintained that a respondent has a right to review. Obviously, the legislature intended to grant the juvenile judge authority to rehear a case heard by a master if he deemed it necessary.").

Similarly, the Rules of Juvenile Court Procedure provide that a party may request a rehearing, but contain no provision requiring that a party's

request must be granted.[5]  Pa.R.J.C.P. 1191(C)-(D).  While parties have a right to a hearing before a judge, any party seeking to exercise that right must object prior to the commencement of the hearing before the master. 42 Pa.C.S.A. § 6305(b); Pa.R.J.C.P. 1187(B)(1).  Once a party has agreed to proceed before the master, our law does not permit that party to obtain a rehearing simply because he or she is unhappy with the result.[6]

In this case, Master Simon-Pratt issued her recommendation that Child be adjudicated dependent on December 27, 2016, and Parents filed their "Request for De Novo Hearing" that same day.  Pursuant to Rule 1191(D), Judge Dayich then had seven days to accept the recommendation, reject the recommendation, send the recommendation back to Master Simon-Pratt for more specific findings, or conduct a rehearing.  Pa.R.J.C.P. 1191(D).  Judge Dayich timely complied with Rule 1191(D) by accepting Master Simon-Pratt's recommendation a day later, by order dated December 27, 2016, and

---

[5] *Cf.* Pa.R.C.P. 1910.11(i) (providing in actions for support that "[i]f a demand is filed, there **shall** be a hearing de novo before the court.") (emphasis added); Pa.R.C.P. 1920.55-3(c) (providing in actions for divorce or annulment that "any party may file a written demand for a hearing de novo.  If a demand is filed, the court **shall** hold a hearing de novo and enter a final decree.") (emphasis added).

[6] Notably, once a child is adjudicated dependent, the trial court must conduct periodic permanency review hearings during which it assesses, among other things, whether the child remains dependent.  *See* 42 Pa.C.S.A. § 6351(e)-(f.1); Pa.R.J.C.P. 1607-1609.  Thus, being denied a rehearing does not prevent a parent from later challenging a child's dependency before a judge.

entered December 28, 2016. By accepting Master Simon-Pratt's recommendation, Judge Dayich denied Parents "Request for De Novo Hearing," and Parents were not entitled to a rehearing as of right.

Moreover, following Judge Dayich's acceptance of Master Simon-Pratt's recommendation, the trial court had no discretion to overrule Judge Dayich's decision by scheduling a rehearing. At the outset, this presents a coordinate jurisdiction problem.

> One of the distinct rules that are encompassed within the "law of the case" doctrine is the coordinate jurisdiction rule. Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions.
>
> The reason for this respect for an equal tribunal's decision, as explained by our court, is that the coordinate jurisdiction rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." Furthermore, consistent with the law of the case doctrine, the coordinate jurisdiction rule serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation.

**Zane v. Friends Hosp.**, 836 A.2d 25, 29 (Pa. 2003) (citations and footnote omitted).

Setting coordinate jurisdiction concerns aside, the Juvenile Act and the Rules of Juvenile Court Procedure do not permit a trial court to enter a master's recommendation as an order of court and then immediately grant a rehearing on the very order that it just entered. While the Juvenile Act

provides that a court may order a rehearing "at any time," it goes on to say that, "[u]nless a rehearing is ordered, the findings and recommendations become the findings and order of the court when confirmed in writing by the judge." 42 Pa.C.S.A. § 6305(d). Further, the Rules of Juvenile Court Procedure provide that a court must take one of four actions upon receiving a master's recommendation, separated by a disjunctive "or." Pa.R.J.C.P. 1191(D) (providing that the judge shall "(1) accept the recommendation by order; (2) reject the recommendation and issue an order with a different disposition; (3) send the recommendation back to the master for more specific findings; or (4) conduct a rehearing."). This language confirms that any rehearing must occur prior to the acceptance of a recommendation.

Finally, to the extent a trial court has the discretion to order a rehearing after accepting a master's recommendation, it can do so only "upon cause shown." 42 Pa.C.S.A. § 6305(d). In this case, Parents' "Request for De Novo Hearing" contained no averments from which the court could conclude that Parents had shown cause for a rehearing. Indeed, the "Request for De Novo Hearing" contained no averments at all.[7] Thus, we

_____

[7] The "Request for De Novo Hearing" provided, in its entirety, as follows: "AND NOW, this 27th day of December, 2016, the Parents, [Parents], hereby request a de novo hearing from the December 22, 2016 Reccomendation/Order [*sic*] issued by the Court." Request for De Novo Hearing, 12/27/16.

- 10 -

conclude that the court erred by granting Parents' "Request for De Novo Hearing" and scheduling a rehearing on CYS's dependency petition.

Even assuming for the sake of argument that the trial court did not err by ordering a rehearing on CYS's dependency petition, we agree with CYS that it erred by concluding that it no longer possessed jurisdiction due to its own failure to conduct that rehearing within seven days. In its second issue on appeal, CYS argues that a trial court's failure to conduct a timely rehearing does not result in the loss of the court's jurisdiction. CYS's Brief at 8-9. Rather, CYS contends "that the consequence of a tardy hearing is an automatic activation of the right of the child and [her] parents to the immediate release of the child from the State[']s custody[.]" *Id.* at 9 (citing *In re Kerr*, 481 A.2d 1225 (Pa. Super. 1984)).

In its opinion, the trial court provided the following explanation for its conclusion that it lacked jurisdiction to further consider the dependency petition filed by CYS.

> Thus, pursuant to [Rule 1191], a recommendation must be reviewed within seven days. The time constraints placed on the Court [are] because any other application of Rule 1911 contradicts the goal of expediency required in dependency matters and would thwart the Court's ability to function expeditiously in the best interests of the child. Finally, there is not authority to prevent the court from dismissing the action for failure to comply with Rule 1911.
>
> Here, the Court did not schedule the continued re-hearing until almost a month later while the child remained in foster custody awaiting finally adjudication. Thus, after examination of the time constraints, the goal of expediency in these matters, and the best interest of [the] child, the Court determined it was

in violation of Rule 1911 and that the child should be immediately returned to the home of her biological parents.

\*\*\*

Therefore, the Court respectfully submits that it did not err in determining that its failure to comply with Rule 1911 left it without jurisdiction to continue further.

Trial Court Opinion, 4/20/17, at 9-10 (quotation marks and footnotes omitted) (unpaginated).

Importantly, neither Rule 1191, nor any Rule of Juvenile Court Procedure, provides that a trial court loses jurisdiction over a dependency matter if it commits a procedural error. To the contrary, the Rules provide that procedural errors should be fatal to a dependency matter only in rare circumstances. Our analysis of this issue is governed by Rule 1126, which provides as follows.

> **Rule 1126. Defects in Form, Content, or Procedure**
>
> **A child shall not be released, nor shall a case be dismissed,** because of a defect in the form or content of the pleading **or a defect in the procedures of these rules,** unless the party raises the defect prior to the commencement of the adjudicatory hearing, and the defect is prejudicial to the rights of a party.

Pa.R.J.C.P. 1126 (emphasis added).

Applying Rule 1126 to the facts of this case, the trial court had no discretion to return Child to the care of Parents, or to dismiss CYS's dependency petition, unless it first determined that Parents raised the court's error prior to the commencement of the rehearing, and unless the court's error prejudiced the rights of Parents. Our review of the record

reveals that neither of these requirements was met. Initially, the record does not indicate that Parents raised the court's failure to timely conduct a rehearing until they filed their "Objections" in February 2017, after the rehearing had already commenced on January 30, 2017.[8] Moreover, the record does not suggest that Parents suffered prejudice. This Court has defined prejudice as "'any substantial diminution of a party's ability to properly present its case at trial.'" *Keffer v. Bob Nolan's Auto Service*, *Inc.*, 59 A.3d 621, 655 (Pa. Super. 2012), *appeal denied*, 69 A.3d 602 (Pa. 2013) (quoting *Florig v. Estate of O'Hara*, 912 A.2d 318, 325 (Pa. Super. 2006)), *appeal denied*, 929 A.2d 1162 (Pa. 2007). Here, we have uncovered no evidence that Parents' ability to present their case was impaired in any way, let alone substantially, by the court's delay in conducting the rehearing.

Finally, we consider CYS's third issue, in which it argues that the trial court erred by preventing it from presenting testimony in support of its dependency petition. CYS's Brief at 11-12. CYS argues that the court refused to hear the remainder of CYS's evidence during the dependency hearing, based on its conclusion that it lacked jurisdiction, and that courts

_____

[8] In their "Objections," Parents averred that their counsel contacted court administration regarding this issue "numerous times," and that court administration informed him that it "was brought to the Judge's attention." Objections, ¶ 13, 34. However, in its opinion, the trial court found that Parents raised this issue in their "Objections," and made no mention of being contacted by court administration. Trial Court Opinion, 4/20/17, at 7 (unpaginated).

"should only make decisions after they have heard all of the evidence being offered by the parties."[9]  ***Id.***

In its opinion, the trial court addressed this issue as follows.

> The child was removed from the custody of her parents due to allegations of sexual abuse by her brother.
>
> At the January 30, 2017 de novo hearing, Dr. Mary Carrasco testified that there were no physical indications of sexual abuse and that [a] discharge test for STDs came back negative.
>
> At the March 2, 2017, hearing Guardian Ad Litem stated that the child wished to go home.
>
> Finally, the minor child testified in chambers at the March 2, 2017.  The minor child testified that . . . her brother never touched her inappropriately and that she made it all up.  She testified that she had only told this lie to her Mother and wasn't sure how it was disseminated.  Finally, she testified that she felt safe at home and wanted to go home to her biological parents.
>
> Given all the aforementioned information, this Court found that there was sufficient evidence to determine that the best interest of the child is to be returned to the custody of the biological parents.
>
> Therefore, for all the aforementioned reasons, this Court did not err . . . in determining that it was in the best interest to

---

[9] As part of this issue, CYS argues that the trial court violated its right to procedural due process.  CYS's Brief at 11-12.  We reject CYS's contention that it has the right to procedural due process in the context of a dependency hearing.  ***See Commonwealth v. Turner***, 80 A.3d 754, 764 (Pa. 2013) (explaining that procedural due process applies in situations where government interferes with an individual's life, liberty, or property interest).

return the minor child to the custody of her parents without hearing additional evidence from [CYS].

Trial Court Opinion, 4/20/17, at 11 (citations to the record omitted) (unpaginated).

As noted above, trial courts in dependency matters must conduct periodic permanency review hearings during which they assess, among other things, whether the child remains dependent. *See* 42 Pa.C.S.A. § 6351(e)-(f.1); Pa.R.J.C.P. 1607-1609. If a court concludes that a child is no longer dependent, the court may terminate court supervision and return that child to his or her parents. Pa.R.J.C.P. 1631. Nonetheless, to the extent the trial court in this case concluded that Child is not dependent, or is no longer dependent, the court erred by reaching that decision without providing CYS with the opportunity to fully present its case. This Court has stated that trial courts may not engage in the capricious disregard of competent and credible evidence. *In re M.G.*, 855 A.2d 68, 73 (Pa. Super. 2004), *reargument denied* (Sept. 3, 2004) (quoting *In re Diaz*, 669 A.2d 372, 375 (Pa. Super. 1995)). Likewise, a court cannot simply refuse to hear evidence, without ruling on whether that evidence is competent or credible, and then conclude that a party has failed to meet its burden of proof.

Based on the foregoing, we conclude that the trial court erred by granting Parents' "Request for De Novo Hearing." In the alternative, the court erred by concluding that it lacked jurisdiction and dismissing CYS's dependency petition. Finally, to the extent the court concluded that Child is not dependent, or is no longer dependent, the court erred by reaching this

decision without permitting CYS to fully present its case. Accordingly, we must reverse the trial court's March 2, 2017 order dismissing CYS's dependency petition for lack of jurisdiction, and reinstate Judge Dayich's December 28, 2016 order adjudicating Child dependent. We caution that this does not mean that Child should immediately be removed from her home. Instead, the court should convene a permanency review hearing as soon as possible, in order to assess whether Child remains dependent, and whether Child should once again be placed in foster care.

March 2, 2017 order reversed. December 28, 2016 order reinstated. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017