J-S14031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.Y., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.Y., SR. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3424 EDA 2018 |

Appeal from the Order Entered October 25, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0095867-2008

BEFORE: LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED APRIL 25, 2019**

C.Y., Sr. (Paternal Grandfather) appeals from the order entered October 25, 2018, in the Court of Common Pleas of Philadelphia County (juvenile court) that determined C.Y. (Child) was no longer a dependent child and awarded physical and legal custody of Child to F.D. (Mother). After careful review, we vacate and remand for further proceedings.

**I.**

On July 9, 2018, the Philadelphia Department of Human Services (DHS) filed a dependency petition alleging Child was without proper care or control, had been abandoned, and was habitually and without justification truant from school. The petition alleged Child resided, at least in part, with Paternal

_____

* Retired Senior Judge assigned to the Superior Court.

Grandfather.[1]  *Id.* at unnumbered 1-3.  The summons included the following language:  "The [juvenile] [c]ourt will appoint a lawyer to represent you at all hearings held for your child in Family Court.  The [c]ourt will send you a letter to tell you the name and telephone number of your lawyer.  Your lawyer will contact you to help you prepare for court."  Summons, 7/9/18.  The juvenile court appointed Attorney Maureen Pié to represent Paternal Grandfather.[2]  Order, 7/23/18.

On July 23, 2018, the juvenile court conducted the adjudicatory hearing.  Following the hearing, the court adjudicated Child dependent finding that Child missed 31 days of school during the 2017-2018 school year and that Child was habitually and without justification truant from school.  Order of Adjudication and Disposition, 7/23/18, at 1-2.  The juvenile court granted temporary legal and physical custody of Child to Mother and scheduled a permanency review hearing for October 25, 2018.  *Id.*  Paternal Grandfather and Attorney Pié attended the hearing.

---

[1] Where Child resided is not clear from the record.  The record contains a temporary order dated February 20, 2018, where the court granted Mother primary physical and sole legal custody of Child, with Paternal Grandfather having partial physical custody of Child every weekend as agreed by the parties.  Order, 2/20/18.  Some of the testimony suggested that Child split time between Paternal Grandfather and Mother, although Child was also described as living with Paternal Grandfather the majority of the time.  N.T., 7/23/18, at 11, 21.

[2] The order identifies Paternal Grandfather as Child's guardian.  Order, 7/23/18.

On October 25, 2018, the court conducted the initial permanency review hearing. Paternal Grandfather appeared at the hearing; Attorney Pié did not. At the hearing, Marco Resnick, of CUA-Turning Points, testified that Child had no unexcused absences for the 2018-2019 school year. He also noted that the Child was doing well in school and that his behavior had greatly improved. He further testified that Child was medically up-to-date and Mother and Child were participating in family functional therapy. Mr. Resnick believed that the "dependency issues" had been alleviated.

Paternal Grandfather attempted to rebut this testimony by suggesting that he had conversations with Child's school that were not as positive but the court excluded his statements as inadmissible hearsay. Paternal Grandfather also noted that there was a pending custody case that was suspended due to the dependency matter. The juvenile court responded that it had discharged the dependency and that it no longer had jurisdiction. It went on to state that although it awarded Mother physical and legal custody of Child, it was not ruling on Paternal Grandfather's custody dispute with Mother. At no point during the hearing, though, did the juvenile court address Paternal Grandfather's lack of counsel.

Following the hearing, the juvenile court entered an order terminating court supervision concluding that Child was no longer dependent and also awarded physical and legal custody of Child to Mother. The order lists

Attorney Pié as the attorney for Paternal Grandfather and notes that she "[d]id [n]ot [a]ttend." Order, 7/23/18 at 10-11.

On November 1, 2018, Attorney Pié filed a motion for reconsideration. In the motion, counsel asserted that she checked-in with the juvenile court crier prior to the start of the hearing. The motion also averred that when Paternal Grandfather's case was called, counsel was in another courtroom and advised the court crier of this issue via text message but when she appeared for Paternal Grandfather's hearing, it was already over.[3] The motion alleged that Paternal Grandfather was denied due process and the opportunity to offer evidence, and noted, pursuant to 42 Pa.C.S. § 6337, "[i]f a party appears without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable. . . ." The juvenile court did not act on the motion and Paternal Grandfather timely filed a notice of appeal and concise statement of errors complained of on appeal.

Paternal Grandfather asserts the court erred in two respects. First, Paternal Grandfather assails the court's failure to conduct a colloquy to ensure that Paternal Grandfather knew of his right to proceed with counsel. Paternal Grandfather's brief at 9. Paternal Grandfather also claims the court improperly

_____

[3] The hearing lasted less than nine minutes, beginning at 11:05:55 a.m. and concluding at 11:14:23 a.m. Juvenile Court Opinion, 12/20/18, at 10.

denied him the opportunity to present information to the court regarding Child's best interests.

## II.

Because it is dispositive, we first address Paternal Grandfather's contention the juvenile court violated his statutory right to counsel when the court conducted the permanency review hearing in the absence of Paternal Grandfather's court-appointed counsel.[4]  With regard to a party's right to counsel, Section 6337 of the Juvenile Act provides:

> [A] party is entitled to representation by legal counsel at all stages of any proceedings under this chapter and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him.  **If a party other than a child appears at a hearing without counsel the court shall ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable.**  The court may continue the proceeding to enable a party to obtain counsel.

42 Pa.C.S. § 6337 (emphasis added).

We have defined "party" to include "(1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control

---

[4] In dependency proceedings, we review the juvenile court's order pursuant to an abuse of discretion standard of review.  *In the Interest of H.K.*, 172 A.3d 71, 74 (Pa. Super. 2017).  As such, we must accept the court's findings of fact and credibility determinations if the record supports them, but we need not accept the court's inferences or conclusions of law.  *Id.*  "'An abuse of discretion is not merely an error of judgment, but is, *inter alia*, a manifestly unreasonable judgment or a misapplication of law.'"  *In re A.T.*, 81 A.3d 933, 936 (Pa. Super. 2013) (quoting *In re J.R.*, 875 A.2d 1111, 1114 (Pa. Super. 2005)).

of the juvenile is in question." *In re J.S.*, 980 A.2d 117, 120 (Pa. Super. 2009).

The Pennsylvania Rules of Juvenile Court Procedure address the procedural process for exercising the right to counsel. Pennsylvania Rule of Juvenile Court Procedure 1151(E) states:

> E. Counsel for other parties. **If counsel does not enter an appearance for a party, the court shall inform the party of the right to counsel prior to any proceeding.** If counsel is requested by a party in any case, the court shall assign counsel for the party if the party is without financial resources or otherwise unable to employ counsel. Counsel shall be appointed prior to the first court proceeding.

Pa.R.J.C.P. 1151(E) (emphasis added).

The comment to Rule 1151(E) states:

> Pursuant to paragraph (E), the court is to inform all parties of the right to counsel if they appear at a hearing without counsel. If a party is without financial resources or otherwise unable to employ counsel, the court is to appoint counsel prior to the proceeding. Because of the nature of the proceedings, it is extremely important that every "guardian" has an attorney. Therefore, the court is to encourage the child's guardian to obtain counsel. Pursuant to [Pa.R.J.C.P.] 1120, a guardian is any parent, custodian, or other person who has legal custody of a child, or person designated by the court to be a temporary guardian for purposes of a proceeding.

Pa.R.J.C.P. 1151 cmt.

Rule 1152(B), which discusses waiver of counsel, provides "a party may waive the right to counsel if: (1) the waiver is knowingly, intelligently, and voluntarily made; and (2) the court conducts a colloquy with the party on the record." Pa.R.J.C.P. 1152(B).

Examining these rules, we have recently held:

> In sum, it is undisputed that Rule 1151(E) mandates that a parent be appointed counsel prior to the first court proceeding. Pa.R.J.C.P. 1151(E). The remainder of the Rule centers on the notice of a party's right to counsel where counsel has not entered an appearance on that party's behalf. ***Where counsel has not entered an appearance or where a party appears at a hearing unrepresented, the court must provide notice to the party of his or her right to counsel.***

***Interest of S.U.***, 2019 WL 763579, at *5 (Pa. Super. 2019) (emphasis added, citations omitted).

Paternal Grandfather asserts that the transcript is bereft of any suggestion that the juvenile court asked Paternal Grandfather if he knew of his right to proceed with counsel and that his lack of counsel deprived him of due process. Only DHS filed an appellee's brief. DHS asserted that the court properly terminated the dependency but stated that it took no position with respect to the absence of court-appointed counsel.

Discussing Paternal Grandfather's assertion that he was denied counsel, the juvenile court explained:

> This [c]ourt notes that Paternal Grandfather was present and testified in the proceeding. Neither Paternal Grandfather nor [A]ttorney Pié requested a continuance at the bar of the court at the start of the hearing, nor did she request a continuance or delay by text, as she alleges. The court transcript does not list [A]ttorney Pié as being present, nor does it offer any information regarding her absence.
>
> This [c]ourt advised Paternal Grandfather of his opportunity to litigate the custody matter in custody court and was informed that the termination of dependency did not serve to stop the custody case from going forward. This [c]ourt advised him that it was a separate matter and it may continue.

Juvenile Court Opinion, 12/20/18, at 11

Notwithstanding the observation that Attorney Pié did not request a continuance or delay and that Paternal Grandfather similarly did not request a continuance, the juvenile court erred by proceeding with the hearing in the absence of counsel for Paternal Grandfather or an effective waiver of his right to counsel.

The juvenile court recognized that under the facts presented, Paternal Grandfather is a party who is entitled to counsel. When Paternal Grandfather appeared at the permanency review hearing without his court-appointed counsel, it was incumbent on the juvenile court to ascertain whether he knew of his right to counsel and to appoint counsel or ensure that he knowingly and voluntarily waived his right to counsel. The transcript of the hearing reflects that such a colloquy did not occur.

In the absence of a colloquy confirming that Paternal Grandfather decided to proceed without counsel, the juvenile court erred by not appointing substitute counsel or continuing the hearing until Paternal Grandfather's court-appointed counsel could appear. Accordingly, we vacate the juvenile court's order and remand for further proceedings consistent with this opinion.

Order vacated; case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/19